# United States Court of Appeals
# for the Federal Circuit

---

**IN RE THE PROCTER & GAMBLE COMPANY,**
*Petitioner.*

---

Miscellaneous Docket No. 121

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2013-00438, IPR2013-00448, and IPR2013-00450.

---

GREGORY A. CASTANIA, Jones Day, of Washington, DC, for petitioner. With him on the petition were DAVID M. MAIORANA, of Cleveland, Ohio, and DAVID M. WEIRICH, The Procter & Gamble Company, of Cincinnati, Ohio.

WILLIAM H. OLDACH III, Vorys, Sater, Seymour and Pease, LLP, of Washington, DC, for respondent Clio USA, Inc. With him on the response was LOUIS GUBINSKY.

NATHAN K. KELLEY, Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for respondent United States Patent and Trademark Office. With him on the response were JEREMIAH S. HELM and JOSEPH MATAL, Associate Solicitors.

---

**ON PETITION**

---

Before LOURIE, PROST, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge.*

## **O R D E R**

Clio USA, Inc., petitioned the Director of the United States Patent & Trademark Office to institute *inter partes* reviews of three patents owned by The Proctor & Gamble Company (P&G). The Director, through her delegee, granted the petitions. P&G now petitions this court to issue a writ of mandamus that would direct the PTO to withdraw the orders instituting *inter partes* reviews of the three P&G patents.

In today's decision in *St. Jude Medical, Cardiology Div., Inc. v. Volcano Corp.*, No. 2014-1183, we describe the statutory scheme governing *inter partes* reviews, 35 U.S.C. §§ 311-319, and conclude that a decision by the Director *not* to institute an *inter partes* review may not be appealed to this court. In *In re Dominion Dealer Solutions, LLC*, No. 2014-109, also issued today, we conclude that a non-institution decision may not be directly reviewed by this court through the extraordinary means of mandamus. The present case involves a decision by the Director *to* institute an *inter partes* review. We conclude that immediate review of such a decision is not available in this court. We therefore deny P&G's petition for mandamus relief.

### BACKGROUND

P&G owns three patents that claim systems or methods for whitening teeth—U.S. Patent Nos. 5,891,453, 5,894,017, and 7,122,199. Those patents have been involved in two district-court actions relevant here. First, P&G sued Team Technologies, Inc., alleging infringement of the three patents, in the United States District Court for the Southern District of Ohio. Clio then filed a declaratory-judgment action against P&G in the United States District Court for the District of New Jersey, alleging that the same patents were invalid, unenforceable, or not

infringed. In its declaratory-judgment action, Clio asserted that it manufactured the tooth-whitening products accused in the Ohio action.

P&G quickly amended its complaint in the Ohio action to add Clio as a defendant. When Team Technologies and Clio then moved in that action for a stay or a transfer to the District of New Jersey, the district court in Ohio denied both motions. Two days later, Clio filed a motion with the New Jersey district court to dismiss its declaratory-judgment action there without prejudice, under Federal Rule of Civil Procedure 41(a)(1)(B). On January 2, 2013, the New Jersey district court granted that motion.

In July 2013, Clio timely petitioned the Director to institute *inter partes* reviews of the three patents under 35 U.S.C. §§ 311-319. P&G responded to Clio's three petitions, arguing that Clio's earlier declaratory-judgment action involving the same three patents, though it had been voluntarily dismissed, barred the institution of *inter partes* reviews under section 315(a).[1] The Director, through the Patent Trial and Appeal Board as her delegee, disagreed and granted all three petitions, deciding under section 314(a) & (b) to institute the requested *inter partes* reviews.[2] The Board explained that, because Clio's

---

[1] 35 U.S.C. § 315(a)(1) states: "An inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."

[2] Section 314 assigns the decision to institute an *inter partes* review to the "Director." 35 U.S.C. § 314(a), (b). The Director, by regulation, has delegated that decision to the Board. 37 C.F.R. §§ 42.4 & 42.108. The Board, in making the review-instituting decision, is exercising the Director's section 314 authority.

declaratory-judgment action was dismissed without prejudice, "[i]n the context of § 315(a)(1), the action never existed." J.A. 8 (Board decision granting Clio's petition for *inter partes* review of the '017 patent); *see also* J.A. 31 ('453 patent); J.A. 49 ('199 patent).

P&G asked for rehearing, which the Board denied. In February 2014, P&G filed the present petition for a writ of mandamus in this court under 28 U.S.C. § 1651.

DISCUSSION

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U. S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "'clear and indisputable'" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Our analysis in *St. Jude* and *Dominion*, in which we reject requests for immediate review of the Director's decision not to institute an *inter partes* review, applies equally to the Director's decision to institute such a review. In particular, what we explained in *St. Jude* about chapter 31 generally, section 314(d) particularly, and our jurisdictional statute requires that we may not hear an appeal from the Director's decision to institute an *inter partes* review. Nor is there a clear and indisputable right to this court's immediate review of a decision to institute an *inter partes* review, as would be needed for mandamus relief, just as *Dominion* holds that there is no

such right with respect to a non-institution decision. Moreover, this is not one of the rare situations in which irremediable interim harm can justify mandamus, which is unavailable simply to relieve P&G of the burden of going through the *inter partes* review. *Cf. In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (petitioner's "hardship [and] inconvenience" in going through trial did not provide a basis for mandamus").

It is a separate question whether section 314(d) means that the decision to institute the review is unchallengeable later—if the Board reaches a decision under section 318(a) and an appeal is taken under section 319. Perhaps section 314(d)'s broad language precludes all judicial review of the institution decision, even in an eventual section 319 appeal. We need not decide that question, which can be addressed in a section 319 appeal. Nor need we address whether an immediate challenge could be brought in district court.

In sum, P&G's mandamus petition is not a proper vehicle for challenging the institution of *inter partes* review.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

<u>    April 24, 2014    </u>
Date

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court