NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE VERSATA DEVELOPMENT GROUP, INC.
AND VERSATA SOFTWARE, INC.,**
*Petitioners.*

---

2014-131

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. CBM2013-00052, CBM2013-00053, and CBM2013-00054.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Versata Development Group, Inc. and Versata Software, Inc. ("Versata") petition for a writ of mandamus directing the United States Patent and Trademark Office ("PTO") and its Patent Trial and Appeal Board ("Board") to withdraw its orders instituting post-grant review in cases CBM2013-00052, CBM2013-00053, and CBM2013-00054.

In its petition, Versata argues that institution of post-grant review is barred under 35 U.S.C. § 325(a)(1), which provides such review "may not be instituted under this chapter if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent." In rejecting that argument, the Board, acting as the Director's delegee, found that the declaratory judgment action in question did not act as a bar under § 325(a)(1) because it had been voluntarily dismissed without prejudice.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004). The petitioner must show a "'clear and indisputable'" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Our case law makes clear that a party seeking to compel the PTO to decline to institute review under these circumstances is not entitled to mandamus relief. In *In re The Proctor & Gamble Company,* __ F. 3d __, No. 2014-121 (Fed. Cir. Apr. 24, 2014), the Director, through her delegee, instituted *inter partes* review, rejecting the patent holder's argument that a prior declaratory judgment action barred review even though the action had been dismissed without prejudice. We explained that because the applicable statutory scheme precludes the court from hearing an appeal from the Director's decision to institute an *inter partes* review, a party seeking issu-

ance of the writ to vacate institution of such proceedings cannot establish a clear and indisputable right to relief.

The principles in *Proctor & Gamble* control this case. The statutory provisions applicable to post-grant review contain an identical bar to appellate review of institution determinations by the Director.  *See* 35 U.S.C. § 324(e) ("The determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable."); *see also* 35 U.S.C. §§ 141, 329.  Thus, as in *inter partes* review, a writ of mandamus is not a proper vehicle for challenging the institution of post-grant review.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s30