NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,**
*Petitioner.*

---

2014-122

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2013-401 and IPR2013-404.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

The Board of Trustees for the University of Illinois ("University") petitions for a writ of mandamus directing the United States Patent and Trademark Office ("PTO") and its Patent Trial and Appeal Board ("Board") to withdraw its orders instituting *inter partes* review in cases IPR2013-401 and IPR2013-404. Cyanotech Corp. and the PTO respond. The University replies.

In its petition, the University argues that the institution for *inter partes* review is barred under 35 U.S.C. § 315(a)(1), which provides such review "may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent." In rejecting that argument, the Board, acting as the Director's delegee, found that the declaratory judgment action in question did not act as a bar under § 315(a)(1) because it had been dismissed without prejudice.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004). The petitioner must show a "'clear and indisputable'" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Our analysis in *In re The Proctor & Gamble Company,* __ F. 3d __, No. 2014-121 (Fed. Cir. Apr. 24, 2014) controls this case. In that case, as here, the Director, through her delegee, instituted *inter partes* review, rejecting the patent holder's argument that a prior declaratory judgment action barred review even though the action had been dismissed without prejudice. We explained that because the applicable statutory scheme precludes the court from hearing an appeal from the Director's decision to institute an *inter partes* review, a party seeking issuance of the writ to vacate institution of such proceedings cannot establish a clear and indisputable right to relief.

IN RE BOARD OF TRUSTEES UNIV IL                                        3

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s30