NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: ETHANOL BOOSTING SYSTEMS, LLC, MASSACHUSETTS INSTITUTE OF TECHNOLOGY,**
*Petitioners*

---

2023-119

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2021-00339, IPR2021-00340, and IPR2021-00341.

---

**ON PETITION**

---

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

Ethanol Boosting Systems, LLC and Massachusetts Institute of Technology (collectively, "EBS") petition for a writ of mandamus directing the Patent Trial and Appeal Board ("PTAB") to vacate its November 21, 2022, order and to terminate the *inter partes* review ("IPR") proceedings. The United States Patent and Trademark Office ("USPTO") and Ford Motor Company ("Ford") oppose. For the reasons provided below, we deny the petition.

2                          IN RE: ETHANOL BOOSTING SYSTEMS, LLC

Ford filed IPR petitions challenging patent claims that EBS asserted in parallel district court proceedings. In July 2021, the PTAB initially denied institution. Relying on the district court's claim construction, the PTAB concluded that Ford had failed to show that there was a reasonable likelihood that it would prevail in its challenges. Ford requested rehearing and asked the PTAB to hold Ford's reconsideration request in abeyance pending EBS's appeal before this court challenging the district court's claim construction.

In July 2022, this court issued its decision in that appeal, reversing the district court's claim construction. *Ethanol Boosting Sys., LLC v. Ford Motor Co.*, No. 2021-1949, 2022 WL 2798395 (Fed. Cir. July 18, 2022). Following that decision, on November 21, 2022, the PTAB granted Ford's request for rehearing and instituted IPR proceedings. EBS then filed this petition, challenging the timeliness of the PTAB's actions and requesting that this court direct the PTAB to terminate the proceedings. We have jurisdiction over EBS's mandamus petition under 28 U.S.C. §§ 1295(a)(4)(A), 1651, and 35 U.S.C. §§ 141(c), 319. *See Mylan Laby's Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1380 (Fed. Cir. 2021).

In order for EBS to establish entitlement to the "extraordinary remedy" of a writ of mandamus, it must show that: (1) there are "no other adequate means to attain the relief [it] desires," for "the writ will not be used as a substitute for the regular appeals process," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). EBS has failed to satisfy this demanding standard.

In particular, to the extent 35 U.S.C. § 314(d) does not bar judicial review of its arguments altogether, EBS has not shown that it will be unable to raise its arguments after

the conclusion of the IPR proceedings. *Cf. CyWee Grp. Ltd. v. Google LLC*, 59 F.4th 1263, 1267 (Fed. Cir. 2023) (reviewing timeliness challenge to Director review of institution decision in an appeal after final written decision, though not addressing § 314(d)). Moreover, EBS does not identify any "irremediable interim harm [that] can justify mandamus, which is unavailable simply to relieve [EBS] of the burden of going through the *inter partes* review," *In re Procter & Gamble Co.*, 749 F.3d 1376, 1379 (Fed. Cir. 2014).

Under the particular circumstances of this case, EBS's petition has failed to show entitlement to the extraordinary remedy of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 23, 2023                           /s/ Peter R. Marksteiner
        Date                             Peter R. Marksteiner
                                         Clerk of Court