NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: CENTRIPETAL NETWORKS, LLC,**
*Petitioner*

---

2023-127

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2022-00182, IPR2022-01151, and IPR2022-01199.

---

**ON PETITION**

---

Before LOURIE, PROST, and WALLACH, *Circuit Judges*.

WALLACH, *Circuit Judge*.

## O R D E R

Centripetal Networks, LLC petitions for a writ of mandamus to direct the Patent Trial and Appeal Board to vacate all decisions in this *inter partes* review ("IPR") and constitute a new panel of administrative patent judges ("APJs") to reconsider the IPR petition. The United States Patent and Trademark Office ("PTO"), Palo Alto Networks, Inc. ("PAN"), Cisco Systems, Inc., and Keysight Technologies, Inc. oppose. Centripetal replies.

Centripetal owns patents relating to systems and methods that perform computer networking security

functions, including U.S. Patent No. 9,917,856 ("the '856 patent"). In 2021, Centripetal filed a civil action against PAN for patent infringement. In response, PAN filed IPR petitions seeking the PTO's review of Centripetal's patents. In May 2022, a Board panel consisting of APJs McNamara, Moore, and Amundson, instituted review of the '856 patent.

On June 8, 2022, Centripetal sought rehearing of the institution decision. On June 24, 2022, Cisco and Keysight filed petitions for IPR of the '856 patent that were substantively identical to PAN's petition and moved for joinder. In December 2022, Centripetal moved for APJ McNamara's recusal and vacatur of the institution decision on the ground that he owned Cisco stock; Centripetal principally relied on this court's decision vacating a damages award against Cisco (based on the '856 patent) after the court concluded that disqualification was required under 28 U.S.C. § 455(b)(4) because the spouse of the trial judge owned Cisco stock. *See Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 38 F.4th 1025 (Fed. Cir. 2022).

On January 4, 2023, the panel denied Centripetal's request for rehearing, granted Cisco's and Keysight's petitions to institute, and joined the three proceedings. APJs McNamara and Amundson then withdrew and were replaced by APJs Wormmeester and Khan. On February 3, 2023, the new panel rejected Centripetal's argument that APJ McNamara's ownership of stock in Cisco required vacatur of the decision instituting PAN's IPR. The Board concluded that "Cisco was not a party to this proceeding at the time of the Institution Decision," that the statute that required disqualification in *Cisco* "does not apply to the Board," and that the value of APJ McNamara's stock "falls well below" the threshold requiring recusal set by Executive Branch ethical standards. Appx11, Appx20.

On February 7, 2023, the Board also denied without prejudice Centripetal's motion for *pro hac vice* admission of one of its attorneys based on, *inter alia*, his prior failure to

comply with the Board's rules and procedures and improper conduct before two district courts.

We have jurisdiction over Centripetal's mandamus petition under 28 U.S.C. §§ 1295(a)(4)(A), 1651, and 35 U.S.C. §§ 141(c), 319. *See Mylan Laby's Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1380 (Fed. Cir. 2021).

In order for Centripetal to establish entitlement to the "extraordinary remedy" of a writ of mandamus, it must show that: (1) there are "no other adequate means to attain the relief [it] desires," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). Centripetal has failed to satisfy this demanding standard. Centripetal has not shown that it will be unable to raise its arguments after a final written decision, which is expected to issue shortly. *Cf. Mobility Workx, LLC v. Unified Pats., LLC*, 15 F.4th 1146, 1150–57 (Fed. Cir. 2021) (addressing arguments regarding conflict of interest for APJs after final written decision). Nor has it shown any "irremediable interim harm" that would justify mandamus, particularly at this late stage in the proceedings. *In re Procter & Gamble Co.*, 749 F.3d 1376, 1379 (Fed. Cir. 2014). Finally, without making any definitive conclusions, we cannot say that Centripetal has shown a clear and indisputable right to vacatur, particularly given the lack of any evidence that Cisco was involved in the proceedings at the time of institution, Cisco's backup capacity status, and the fact that APJ McNamara will not be a member of the panel that decides the ultimate merits in the IPR proceeding.

Accordingly,

4                          IN RE: CENTRIPETAL NETWORKS, LLC

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

May 16, 2023              /s/ Peter R. Marksteiner
     Date                Peter R. Marksteiner
                         Clerk of Court