# United States Court of Appeals for the Federal Circuit

_____

**BELKIN INTERNATIONAL, INC., CISCO LINKSYS L.L.C.,
D-LINK SYSTEMS, INC., AND NETGEAR, INC.,**
*Appellants,*

v.

**DAVID J. KAPPOS, DIRECTOR,
UNITED STATES PATENT AND TRADEMARK
OFFICE,**
*Appellee,*

AND

**OPTIMUMPATH, LLC,**
*Appellee.*

_____

2012-1090

(Reexamination No. 95/001,089)

_____

Appeal from the United States Patent and Trademark
Office, Board of Patent Appeals and Interferences.

_____

Decided: October 2, 2012

_____

DAVID L. MCCOMBS, Haynes and Boone, LLP, of Dallas, Texas, argued for appellants. With him on the brief was DEBRA J. MCCOMAS.

SCOTT C. WEIDENFELLER, Associate Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee, United States Patent and Trademark Office. With him on the brief were RAYMOND T. CHEN, Solicitor, and NATHAN K. KELLEY, Associate Solicitor.

TONY D. ALEXANDER, Technology Legal Counsel, LLC, of Augusta, Georgia, argued for Appellee, Optimumpath, LLC.

---

Before RADER, *Chief Judge*, LOURIE and WALLACH, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Belkin International, Inc. ("Belkin") appeals from the decision of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office ("PTO") on *inter partes* reexamination that it lacked jurisdiction to consider arguments based on three references that the Director had previously determined did not raise a substantial new question of patentability.[1] Be-

---

[1]    The Leahy–Smith America Invents Act amended the *inter partes* reexamination provisions. *See* Leahy–Smith America Invents Act, Pub. L. No. 112–29, § 6, 125 Stat. 284, 299–305 (2011) ("AIA"). Those amendments do not apply here because the request for *inter partes* reexamination in this case was filed before the date of enactment, September 16, 2011. *Id.* We thus express no opinion on the applicability of the AIA provisions to the current case.

cause the Board did not err in refusing to consider the issues that the Director found not to raise a substantial new question of patentability, we *affirm*.

BACKGROUND

Belkin filed a request for *inter partes* reexamination of U.S. Patent 7,035,281 (the "'281 patent"), which is directed to a wireless router. The request alleged ten substantial new questions of patentability regarding claims 1–32 of the '281 patent based on four prior art references: (1) *Wireless LAN: basic knowledge and application case studies*, Transistor Gijutsu, Oct. 1, 1999 ("Transistor Article"); (2) Michael Taht & Greg Retkowski, Wireless Router Howto (1998), http://www.rage.net/wireless/wireless-howto.html ("Howto Guide"); (3) U.S. Patent 6,591,306 ("Redlich"); and (4) U.S. Patent 6,560,217 ("Peirce"). The Director determined that the first three references did not raise a substantial new question of patentability, but that the issue of anticipation by Peirce did raise such a question as to claims 1–3 and 8–10. Accordingly, the Director ordered reexamination of claims 1–3 and 8–10.

Belkin filed a petition pursuant to 37 C.F.R. §§ 1.927 and 1.181 to have the Director review the denial of reexamination of claims 4–7 and 11–32. That petition was denied, and the status of those claims is not part of this appeal. Belkin did not, however, file a petition to review the determination that the issues based on the Transistor Article, the Howto Guide, and Redlich did not raise substantial new questions of patentability concerning claims 1–3 and 8–10.

The examiner then issued an Action Closing Prosecution ("ACP") in the reexamination addressing only Belkin's proposed rejection of claims 1–3 and 8–10 as anticipated by Peirce. A Right of Appeal Notice ("RAN")

was issued, again addressing only anticipation by Peirce. Belkin appealed to the Board, challenging the examiner's failure to make rejections involving the three references that the Director determined did not raise a substantial new question of patentability.

On appeal, the Board determined that it did not have jurisdiction to decide whether a substantial new question of patentability exists regarding the Transistor Article, the Howto Guide, and Redlich, because that determination was statutorily non-appealable under 35 U.S.C. § 312(c). The Board also held that there had been no final decision on patentability regarding the three references, and thus there was nothing to appeal under 35 U.S.C. § 315(b) and 37 C.F.R. § 41.61. The Board then affirmed the examiner's findings with regard to Peirce. On rehearing, the Board declined to modify its decision and specifically noted that Belkin had failed to file a petition under 37 C.F.R. § 1.927 to review the Director's determination that there was no substantial new question of patentability for the issues based on the three references regarding claims 1–3 and 8–10.

## DISCUSSION

We review the Board's legal conclusions, including whether the Board possessed jurisdiction, *de novo*. *In re Gartside*, 203 F.3d 1305, 1315 (Fed. Cir. 2000). Statutory interpretation is a question of law that we likewise review *de novo*. *In re Kathawala*, 9 F.3d 942, 945 (Fed. Cir. 1993). "When statutory interpretation is at issue, the plain and unambiguous meaning of a statute prevails in the absence of clearly expressed legislative intent to the contrary." *In re Donaldson Co.*, 16 F.3d 1189, 1192–93 (Fed. Cir. 1994) (en banc). We also afford substantial deference to the PTO's interpretation of its own regulations unless that interpretation is plainly erroneous or

inconsistent with the regulation in situations of ambiguity. *In re Lovin*, 652 F.3d 1349, 1353 (Fed. Cir. 2011).

Belkin argues that the Board has jurisdiction to consider on reconsideration prior art found not to raise a substantial new question of patentability on *inter partes* reexamination when reexamination is subsequently granted for the same claim on another reference. Belkin views reexamination as a two-step procedure: (1) determining whether a substantial new question of patentability exists; and (2) if so, determining whether the claims are patentable over all prior art. Belkin concedes that the first step is not appealable under § 312(c). But Belkin contends that once a substantial new question of patentability affecting a claim is found, all prior art must be considered, including prior art found previously not to raise a substantial new question of patentability.

The Director responds that § 312(c) bars the Board from considering prior art not found to raise a substantial new question of patentability even though a substantial new question of patentability was found with regard to another reference. In support of that position, the Director argues that reexamination is ordered only "for resolution of the question" identified by the Director as a substantial new question of patentability, not those questions raised by the requester that have been determined not to rise to that level. As Peirce was the only reference found to raise a substantial new question of patentability, the Director argues that the resulting reexamination was properly limited to that question.

We agree with the Director that the Board did not err in not considering issues that the Director had found not to raise a substantial new question of patentability concerning claims 1-3 and 8-10. Such an issue is non-appealable.

At the outset, an *inter partes* reexamination is a two-step process.  First, the Director must make a determination "whether a substantial new question of patentability affecting any claim of the patent is raised by the request [under § 311], with or without consideration of other patents or printed publications."  35 U.S.C. § 312(a).  The statute is clear that that decision is "final and non-appealable."  § 312(c).

Second, after the Director has determined that there is a substantial new question of patentability affecting a claim with respect to prior art, an *inter partes* reexamination is ordered "for resolution of the question."  35 U.S.C. § 313.  The question to be resolved is the substantial new question of patentability determined by the Director.  If the Director determines that there is no substantial new question of patentability, no reexamination is conducted.  The issue in this appeal is whether a prior determination that an argument based on a given reference does not raise a substantial new question of patentability as to a claim when such a question was raised with respect to certain other prior art is appealable to the Board and to this court.  To answer that question, we first turn to the language of the statute.

The statute requires the Director to order reexamination "for resolution of the question."  § 313.  The statute is clear that that "question" is the same substantial new "question" of patentability found by the Director under § 312(a).  The statutory framework thus requires that an issue must raise a "substantial new" question of patentability, as determined by the Director, with respect to cited prior art before it can be considered during *inter partes* reexamination.  Accordingly, an issue that has been determined by the Director not to raise a substantial new question of patentability with respect to certain other prior art cannot later be considered by the examiner and

ultimately the Board. Instead, if a requester disagrees with the Director's determination that no substantial new question of patentability with respect to certain prior art has been raised, 37 C.F.R. § 1.927 permits the requester only to file a petition to the Director for review of that decision. Belkin did not file such a petition here with respect to claims 1–3 and 8–10.

*Inter partes* reexamination is not totally limited to those issues suggested by the requester that present a substantial new question of patentability. Indeed, the PTO may make any new rejection, as long as that rejection also meets the substantial new question of patentability requirement. *See* 35 U.S.C. § 303(a) ("On his own initiative, and any time, the Director may determine whether a substantial new question of patentability is raised by patents and publications discovered by him . . . ."). Thus, the scope of reexamination may encompass those issues that raise a substantial new question of patentability, whether proposed by the requester or the Director, but, unless it is raised by the Director on his own initiative, it only includes issues of patentability raised in the request under § 311 that the Director has determined raise such an issue. It otherwise may not include other prior art than what constituted the basis of the Director's determination of a substantial question of patentability.

In this case, the Director determined, in part, that the issues based on the first three references cited by Belkin did not raise a substantial new question of patentability regarding claims 1–3 and 8–10. Under § 312(c), that decision is final and non-appealable. But the Director also determined that one issue based on anticipation by another reference, Peirce, did raise such a question. At that point, the Director was entitled to, and did, order reexamination for resolution of that single question. The

scope of the resulting reexamination was then limited to answering that question of patentability, anticipation by Peirce. Belkin, at that point, could only raise the three references if they were necessary to rebut findings of fact by the examiner or as a response to the patent owner relevant to answering that single patentability question. *See* 37 C.F.R. § 1.948(a). Here, Belkin has not argued that the three references were cited for such a purpose, and the limited record before us does not suggest that they were. Thus, the Board was correct not to consider the previously raised and rejected issues based on the other three references.

Belkin argues that such a result is inconsistent with the appeals statutes, 35 U.S.C. §§ 134(c) and 315(b), and regulations such as 37 C.F.R. § 41.61(a)(2). Those statutes grant rights to the requester to appeal a "final decision . . . favorable to the patentability of any . . . claim." §§ 134(c), 315(b). Similarly, § 41.61(a)(2) specifically allows the requester to appeal "any final decision favorable to the patentability, including any final determination not to make a proposed rejection, of any . . . claim." *Id.* Belkin argues that the examiner's decision not to reject claims 1–3 and 8–10 based on the issues determined not to raise a substantial new question was a decision favorable to patentability.

We disagree with Belkin's position because there was no final decision favorable to patentability regarding the issues based on the three references. First, the Director's determination that an issue does not raise a substantial new question of patentability is not a decision favorable to patentability. Lack of a substantial new question of patentability is not a favorable decision on patentability. Indeed, it cannot be one, as the decision on the substantial new question preceded the actual reexamination, and merely raised a "question" to be answered. Furthermore,

it is explicitly non-appealable under § 312(c). To allow an otherwise non-appealable decision by the Director to become appealable simply by raising it a second time during the later reexamination would impermissibly circumvent the statutory bar on appeals.

Secondly, if there had been any doubt in this case, the examiner made clear that she had not made any patentability decision with regard to those three references. The ACP and the RAN addressed only Peirce. The Examiner's Answer likewise stated that the only finding to be reviewed on appeal was the rejection in light of Peirce. The only adverse decision Belkin received with respect to those three references was the Director's determination that the proposed rejection based on the three references did not raise a substantial new question of patentability. Belkin chose not to petition for review of that determination.

Belkin argues that it did not petition for review of claims 1–3 and 8–10 because, in accordance with the Manual of Patent Examination and Procedure ("MPEP") § 2648, it believed that those claims would be reexamined in view of "all prior art," including the Transistor Article, the Howto Guide, and Redlich. The MPEP, in relevant part, § 2648 states:

> [N]o petition may be filed requesting review of a decision granting a request for reexamination even if the decision grants the request as to a specific claim for reasons other than those advanced by the third party requester. No right to review exists as to that claim, because it will be reexamined in view of all prior art during the reexamination under 37 CFR 1.937.

But that provision does not discuss the preclusive effect of a determination that an issue does not raise a substantial

new question of patentability.  Instead, MPEP § 2648 states the uncontroversial proposition that no petition may be filed to review a decision granting a request for reexamination.  *Id.*  The second clause of that sentence adds that the situation is the same whether the Director grants a request for reexamination for reasons other than those advanced by the requester or not.  *Id.*  That is not the situation here because reexamination was ordered based on the requester's proposed Peirce rejection.  Even so, the MPEP does not have the force of law, and is only entitled to judicial notice as the PTO's official interpretation of statutes and regulations with which it is not in conflict.  *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180 n.10 (Fed. Cir. 1995).

Belkin argues that 37 C.F.R. § 1.104 supports its interpretation because that regulation requires the examiner to make a "thorough investigation of the available prior art" during reexamination.  Regulation 1.104 does not benefit Belkin, as the "available prior art" cited by the regulation is only that which the Director has indicated constitutes a substantial new question of patentability.  Thus, the fact that § 1.104 states that the examiner shall make a thorough investigation of available prior art does not affect the analysis.  In any event, in order to reconcile what may otherwise appear to be conflicting provisions, we hold that, under the statute, available prior art may only be considered to answer the specific questions of patentability found by the Director.[2]

A casual reference to "all prior art" in the MPEP or the regulations cannot be interpreted to trump the statu-

---

2    We do not reach the issue of what prior art references the PTO may or may not consider during reexamination in response to an amended or substituted claim.

tory command.   Statutes rank higher than regulations, which rank higher than the MPEP.

Belkin relies on a decision of the Director denying a petition for review of the denial of four substantial new questions of patentability relating to a different patent to assert that it could not have petitioned the Director concerning his decision on the substantial question of patentability.   Decision Expunging Petitions, *In re Schwindt*, Reexamination Control No. 95/001,743 (Mar. 5, 2012) (J.A. 1840–43).   Belkin notes that the decision denied the petition because reexamination was ordered for the same claims on a different ground than proposed by the requester pursuant to MPEP § 2648, similar to the situation here.  However inconsistent that decision may or may not be with the Director's current position, it must yield to the statute, which denies appealability of the Director's decisions on substantial questions.

Finally, Belkin raises concerns regarding estoppel. Pursuant to 35 U.S.C. § 315(c), a third-party requester in an *inter partes* reexamination is estopped from later asserting the invalidity of any claim "finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised" during the reexamination. *Id.* Belkin argues that once reexamination has been granted, the requester must put forward all eligible prior art or face that estoppel.  Belkin's concerns are unwarranted.

The question whether or not the estoppel statute works to preclude citation of a piece of prior art that a requester cited to the PTO, but that the Director determined did not raise a substantial new question of patentability, is not before us.  Suffice it to say here that the courts have the final say on unpatentability of claims, not the PTO. The Director's determination that an issue does

not raise a substantial new question is not a final determination of validity or patentability. As Belkin merely asserted that the three references raised substantial new questions of patentability as to claims 1-3 and 8-10—which the Director rejected—Belkin's arguments regarding estoppel are thus not persuasive.

## CONCLUSION

We have considered Belkin's remaining arguments and conclude that they are without merit. The proper course of action was for Belkin to have petitioned the Director to review the determination that the arguments relying on the Transistor Article, the Howto Guide, and Redlich did not raise a substantial new question of patentability pursuant to 37 C.F.C. § 1.927. Belkin did not do so, and thus that decision became final and non-appealable, rendering those issues beyond the scope of the reexamination. Accordingly, the Board's decision is *affirmed*.

**AFFIRMED**