Opinion for the court filed by Circuit Judge LOURIE.
Dissenting Opinion filed by Circuit Judge DYK.
LOURIE, Circuit Judge.
K/S HIMPP (“HIMPP”) appeals from the decision of the United States Patent and Trademark Office (“PTO”) Board of Patent Appeals and Interferences (“Board”) in an inter partes reexamination affirming the Central Reexamination Unit (“CRU”) Examiner’s decision not to reject claims 3 and 9 of U.S. Patent 7,016,512 (the “'512 patent”) owned by Hear-Wear Technologies, L.L.C. (“Hear-Wear”).* See K/S HIMPP v. Hear-Wear Techs., L.L.C., No. 2012-004028, 2012 WL 2929630 (B.P.A.I. July 13, 2012) (“Board Opinion”). Because the Board did not err in holding that claims 3 and 9 would not have been obvious, we affirm.
Background
Hear-Wear owns the '512 patent, which is directed to a hearing aid with three main parts: a behind-the-ear audio processing module, an in-the-canal module, and a connector between the modules. '512 patent col. 1 II.17-20.
Dependent claims 3 and 9, directed to the connector between the modules, are the only claims on appeal and read as follows:
3. The at least partially in-the-canal module for a hearing aid of claim 2 wherein said insulated wiring portion is terminated by a plurality of prongs that provide a detachable mechanical and electrical connection to an audio processing module.
9. The hearing aid of claim 8 wherein said insulated wiring portion is terminated by a plurality of prongs that provide a detachable mechanical and electrical connection to said behind-the-ear module.
Id. col. 23 ll. 41-45; col. 24 ll. 36-39.
During prosecution of the '512 patent, the Examiner initially rejected claims 3 and 9 because they would have been obvious. For claim 3, the Examiner found that “providing a plurality of prongs for the electrical connections or for the plugs is known in the art.” J.A. 4282. Hear-Wear never challenged the Examiner’s finding of “known in the art,” but instead focused on the independent claims. All claims were allowed.
*1364 The PTO then granted a third party request by HIMPP for inter partes reexamination of the '512 patent. HIMPP argued in its request that claims 3 and 9 would have been obvious because “such detachable connections were known at the time of the alleged invention as concluded by the Examiner during prosecution.” Id. at 138-40. HIMPP also argued that modifying Patent Cooperation Treaty Publication Number WO 99/07182 of Shennib (“Shennib”), a primary reference, to include detachable connections for a signal cable “would have been no more than the predictable use of prior art elements according to their established functions.” Id. at 138-41. The CRU Examiner refused to adopt HIMPP’s proposed rejection because HIMPP failed to provide evidence in support of that contention. The CRU Examiner ultimately maintained the patentability of claims 3 and 9, inter alia. Id. at 709.
After the CRU Examiner issued the Right of Appeal Notice in the inter partes reexamination, HIMPP filed a request for ex parte reexamination of claims 3 and 9. HIMPP asserted that one basis for the ex parte reexamination was U.S. Patent 3,123,678 of Prentiss (“Prentiss”), which HIMPP contended explicitly taught all of the features recited in claims 3 and 9. HIMPP tried to merge the inter partes reexamination with the ex parte reexamination, but the PTO declined to merge the two proceedings, noting that the inter partes reexamination had already advanced to the appeal stage.
Hear-Wear appealed to the Board from the inter partes reexamination under 35 U.S.C. §§ 134(b) and 315(a) and HIMPP cross-appealed under 35 U.S.C. §§ 134(c) and 315(b). Board Opinion at 2. Only HIMPP’s cross-appeal of claims 3 and 9 in the inter partes reexamination is at issue here. The Board found that although HIMPP argued that the content of claims 3 and 9 was “well known,” HIMPP failed to direct the Board “to any portion of the record for underlying factual support for the assertion.” Id. at 24. The Board stated that it was “not persuaded that the record before [it] adequately conveys that the particular distinct connection structures set forth in those claims are disclosed.” Id. The Board also found that during the original prosecution the Examiner never took official notice with respect to the “plurality of prongs” feature of claims 3 and 9, and that there was no further indication that Hear-Wear acquiesced to the alleged position of official notice so as to qualify the limitations of the claims as admitted prior art. Id. at 23-24. Thus, the Board did not agree with HIMPP that there was a suitable basis for concluding that the particular structural features of claims 3 and 9 were known prior art elements. Id. at 24. Accordingly, the Board affirmed the CRU Examiner’s decision not to adopt HIMPP’s proposed obviousness rejections of claims'’ 3 and 9. Id.
HIMPP timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).
Discussion
We review the Board’s legal conclusions de novo, In re Elsner, 381 F.3d 1125, 1127 (Fed.Cir.2004), and the Board’s factual findings underlying those determinations for substantial evidence, In re Gartside, 203 F.3d 1305, 1316 (Fed.Cir.2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding. Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Obviousness is a question of law, based on underlying factual findings. Graham v. John Deere Co., 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); KSR Int’l Co. *1365 v. Teleflex Inc., 550 U.S. 398, 427, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). A claim is invalid for obviousness if, to one of ordinary skill in the pertinent art, “the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made.... ” 35 U.S.C. § 103(a) (2006); see also KSR, 550 U.S. at 406-07, 127 S.Ct. 1727.
I
HIMPP argues that the CRU Examiner and the Board failed to consider the knowledge of a person having ordinary skill in the art solely because HIMPP did not provide documentary evidence to prove purportedly well-known facts. HIMPP asserts that refusing to consider the knowledge of a person having ordinary skill in the art because of a lack of record evidentiary support is contrary to the Supreme Court’s supposed admonishment in KSR against the overemphasis on the importance of published articles and the content of issued patents.
Hear-Wear responds that HIMPP’s assertions of “known in the art” cannot substitute for the factual evidence required to conclude that a structural element is a known prior art element. Hear-Wear argues that the Board acted within its discretion when it declined to enter new rejections against claims 3 and 9 because HIMPP failed to identify the factual evidence necessary to support its contention that the claims would have been obvious.
We agree with Hear-Wear that the Board was correct to require record evidence to support an assertion that the structural features of claims 3 and 9 of the '512 patent were known prior art elements. The patentability of claims 3 and 9 with the limitation “a plurality of prongs that provide a detachable mechanical and electrical connection” presents more than a peripheral issue. See In re Zurko, 258 F.3d 1379, 1386 (Fed.Cir.2001) (“[Board] expertise may provide sufficient support for conclusions as to peripheral issues.”). The determination of patentability of claims with this limitation therefore requires a core factual finding, and as such, requires more than a conclusory statement from either HIMPP or the Board. See id. (‘With respect to core factual findings in a determination of patentability, however, the Board cannot simply reach conclusions based on its own understanding or experience .... ”). HIMPP must instead “point to some concrete evidence in the record in support of these findings.” Id.
The requirement that evidence on the record is necessary to support the “plurality of prongs” limitation is not inconsistent with KSR’s caution against the “overemphasis on the importance of published articles and the explicit content of issued patents.” KSR, 550 U.S. at 419, 127 S.Ct. 1727. In KSR, the Supreme Court criticized a rigid approach to determining obviousness based on the disclosures of individual prior art references that were already on the record, with little recourse to the knowledge, creativity, and common sense that an ordinarily skilled artisan would have brought to bear when considering combinations or modifications. Id. at 415-22, 127 S.Ct. 1727. But the present case does not present a question whether the Board declined to consider the common sense that an ordinarily skilled artisan would have brought to bear when combining or modifying references.
Instead, it is about whether the Board declined to accept a conclusory assertion from a third party about general knowledge in the art without evidence on the record, particularly where it is an important structural limitation that is not evidently and indisputably within the common *1366 knowledge of those skilled in the art. Cf. Randall Mfg. v. Rea, 733 F.3d 1355, 1362-63 (Fed.Cir.2013) (Board’s failure to consider evidence of the knowledge of one of skill in the art was plainly prejudicial).
Here the Board refused to adopt HIMPP’s proposed rejection of claims 3 and 9 because it found that there was not a suitable basis on the record “for concluding that the particular structural features of claims 3 and 9 [were] known ‘prior art’ elements.” Board Opinion at 24. The Board’s decision was correct because an assessment of- basic knowledge and common sense as a replacement for documentary evidence for core factual findings lacks substantial evidence support. Zurko, 258 F.3d at 1385-86. Accordingly, the Board’s holding is not inconsistent with KSR’s caution against the overemphasis on publications and patents for combining or modifying prior art that are already on the record. See, e.g., Leapfrog Enter., Inc. v. Fisher-Price, Inc., 485 F.3d 1157, 1161 (Fed.Cir.2007) (“Indeed, the common sense of those skilled in the art demonstrates why some combinations would have been obvious where others would not.”) (citing KSR, 550 U.S. at 416, 127 S.Ct. 1727). In contradistinction to KSR, this case involves the lack of evidence of a specific claim limitation, whereas KSR related to the combinability of references where the claim limitations were in evidence.
The PTO examination procedure further supports Hear-Wear’s position. Although a patent examiner may rely on common knowledge to support a rejection, that is appropriate only in narrow circumstances. See M.P.E.P. § 2144.03 (“It would not be appropriate for the examiner to take official notice of facts without citing a prior art reference where the facts asserted to be well known are not capable of instant and unquestionable demonstration as being well-known.”) (emphasis in original). In this case, neither the Board nor the Examiner determined that the facts at issue met the standard justifying official notice. If an examiner chooses to rely on personal knowledge to support the finding of what is known in the art, and the applicant adequately traverses that assertion, then the examiner must provide an affidavit or declaration setting forth specific factual statements and explanations to support that finding. 37 C.F.R. § 1.104(d)(2); M.P.E.P. § 2144.03(c). Thus, the CRU Examiner did not err in rejecting HIMPP’s contention that the structural features of claims 3 and 9 were known prior art elements because HIMPP failed to point to any evidence on the record.
We recognize that the Board has subject matter expertise, but the Board cannot accept general conclusions about what is “basic knowledge” or “common sense” as a replacement for documentary evidence for core factual findings in a determination of patentability. Zurko, 258 F.3d at 1385-86. To hold otherwise would be to embark down a slippery slope which would permit the examining process to deviate from the well-established and time-honored requirement that rejections be supported by evidence. It would also ultimately “render the process of appellate review for substantial evidence on the record a meaningless exercise.” Id. at 1386 (citing Baltimore & Ohio R.R. Co. v. Aberdeen & Rockfish R.R. Co., 393 U.S. 87, 91-92, 89 S.Ct. 280, 21 L.Ed.2d 219 (1968)). Because HIMPP failed to cite any evidence on the record to support its contention that claims 3 and 9 were known prior art elements, we affirm the Board’s decision to refuse to adopt HIMPP’s obviousness contention.
II
Alternatively, HIMPP asks that we take judicial notice: (1) that use of a multi *1367 pronged plug to form a detachable mechanical and electrical connection at the end of an insulated wire would have been known to a person having ordinary skill in the art at the time of the invention or (2) of the Prentiss reference cited by HIMPP in the ex parte reexamination.
We decline to exercise our discretion to take judicial notice of any “multipronged plug” knowledge for the same reasons mentioned above that it was reasonable for the Board and Examiner to decline to take official notice. See Murakami v. U.S., 398 F.3d 1342, 1354-55 (Fed.Cir.2005) (application of judicial notice is discretionary).
We also decline to take judicial notice of the Prentiss reference and to expand the scope of our review beyond the grounds upon which the Board actually relied. In re Applied Materials, Inc., 692 F.3d 1289, 1295 (Fed.Cir.2012) (citing SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)). The PTO’s rules make clear that an inter partes reexamination requester may not, except in limited circumstances, submit new prior art evidence that was not cited in the reexamination request. 37 C.F.R. § 1.948 (listing exceptions not applicable here). The scope of the inter partes reexamination is otherwise limited to the prior art that raises a substantial new question of patentability as determined by the Director. Belkin Int'l, Inc. v. Kappos, 696 F.3d 1379, 1383 (Fed.Cir.2012). Prentiss was a part of the ex parte reexamination, but the PTO, as was within its discretion, explicitly declined to merge the two proceedings. Since HIMPP did not cite the Prentiss reference in its request for inter partes reexamination and the Director did not cite the reference for the substantial new question of patentability, we decline to consider the Prentiss reference. Id.; 37 C.F.R. § 1.948.
Conclusion
Because HIMPP failed to cite any evidence on the record to support its contention that claims 3 and 9 of the '512 patent contained only known prior art limitations, we affirm the Board’s decision to decline to adopt HIMPP’s obviousness contention.
AFFIRMED.

 The Leahy-Smith America Invents Act amended the inter partes reexamination provisions. See Leahy-Smith America Invents Act, Pub.L. No. 112-29, § 6, 125 Stat. 284, 299-305 (2011) ("AIA”). Those amendments do not apply here because the request for inter partes reexamination in this case was filed before the date of enactment, September 16, 2011. Id. We thus express no opinion on the applicability of the AIA provisions to the current case.