# United States Court of Appeals for the Federal Circuit

---

**AIRBUS S.A.S.,**
*Appellant*

v.

**FIREPASS CORPORATION,**
*Appellee*

---

2014-1808

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,555.

---

Decided: July 17, 2015

---

MATTHEW BERKOWITZ, Kenyon & Kenyon LLP, New York, NY, argued for appellant. Also represented by WALTER E. HANLEY, JR., ALOYSIUS ANTONY PFEFFER.

ERIC SHUMSKY, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for appellee. Also represented by ANDREW S. ONG, Menlo Park, CA; ROBERT M. ISACKSON, New York, NY.

---

Before LOURIE, DYK, and MOORE, *Circuit Judges.*

LOURIE, *Circuit Judge*.

Airbus S.A.S. ("Airbus") appeals from the decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("Board") in an *inter partes* reexamination dismissing Airbus's cross-appeal for lack of jurisdiction.* *See Airbus S.A.S. v. Firepass Corp.*, No. 95/001,555, 2013 WL 5866589 (P.T.A.B. Oct. 29, 2013) ("*Board Decision*"), *reh'g denied*, 2014 WL 2121080 (P.T.A.B. May 19, 2014) ("*Rehearing Decision*"). Because the Board erred in dismissing the appeal, we vacate its decision and remand.

## BACKGROUND

Firepass Corporation ("Firepass") owns U.S. Patent 6,418,752 (the "'752 patent"), which is directed to using hypoxic compositions for preventing and extinguishing fires. In October 2009, Firepass brought suit against Airbus in the District Court for the Eastern District of New York alleging infringement of, *inter alia*, several claims of the '752 patent. In February 2011, Airbus filed a request for *inter partes* reexamination of the '752 patent. In its request, Airbus proposed that each of original claims 1, 2, 4, 7, and 8 was anticipated under 35 U.S.C. § 102 by U.S. Patent 5,799,652 ("Kotliar"). J.A. 171. Airbus also proposed that claims 1, 2, 4, and 7 were anticipated under § 102 by (1) Boeing Military Airplane

---

* The Leahy-Smith America Invents Act amended the *inter partes* reexamination provisions of the Patent Act. *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 6, 125 Stat. 284, 299–305 (2011) ("AIA"). As those amendments do not apply here because the request for *inter partes* reexamination in this case was filed before the date of enactment, September 16, 2011, *id.*, we express no opinion on the applicability of the AIA provisions to the current case.

Co., "Vulnerability Methodology and Protective Measures for Aircraft Fire and Explosion Hazards," Final Report AFWALTR-85-2060 (1986) ("AFWAL 2060"); and (2) T.C. Knight et al., "The AH-64A Nitrogen Inerting System," AIAA-84-2480 (1991) ("Knight"). J.A. 174, 178. The PTO granted Airbus's request in part, finding that Kotliar presented a substantial new question of patentability, but also found that Knight and AFWAL 2060 did not present a substantial new question of patentability. In July 2011, the district court in the meantime stayed its litigation pending resolution of Airbus's reexamination request.

During reexamination, Firepass added independent claim 91 and dependent claims 92–94. Claim 91 was based on original claim 1, and "includes both the limitations set forth in [c]laim 1 . . . , as well as additional narrowing limitations." Appellee's Br. 11. In response to the new claims, Airbus proposed the following obviousness rejections under 35 U.S.C. § 103: (1) claims 91–93 over Kotliar in view of AFWAL 2060; (2) claim 94 over Kotliar in view of AFWAL 2060 and Knight; and (3) claim 94 over Kotliar in view of AFWAL 2060 and the knowledge of one of ordinary skill in the art. The Examiner, however, found that the proposed rejections based on AFWAL 2060 and Knight did not present a substantial new question of patentability. Nevertheless, the Examiner ultimately rejected claims 91–94 under 35 U.S.C. § 112, ¶ 1 for lack of written description.

Firepass appealed from the rejection of claims 91–94 under § 112, ¶ 1, and Airbus cross-appealed from the Examiner's refusal to adopt the proposed obviousness rejections of claims 91–94. *Board Decision* at *1. The Board first reversed the Examiner's rejection of claims 91–94 under § 112, ¶ 1, finding that the claims were supported by an adequate written description. *Id.* at *11. But the Board then dismissed Airbus's cross-appeal relating to the same claims, finding that "the statutory authority for third-party requester appeals is . . . express-

ly limited to the review of examiner final decisions that are 'favorable to the patentability' of a claim." *Id.* at \*12 (quoting 35 U.S.C. §§ 134(c), 315(b) (2002)). The Board concluded that the "determination of a '[l]ack of a substantial new question of patentability is not a favorable decision on patentability.'" *Id.* (quoting *Belkin Int'l, Inc. v. Kappos*, 696 F.3d 1379, 1383 (Fed. Cir. 2012)). Accordingly, the Board dismissed Airbus's cross-appeal for lack of jurisdiction. *Id.*

Airbus requested rehearing, but the Board denied the request. *Rehearing Decision* at \*1. The Board wrote that §§ 134(c) and 315(b) and 37 C.F.R. § 41.61(a)(2) only provide for the Board to review a decision favorable to the patentability of any claim, including new claims. *Id.* at \*2. The Board again concluded that the Examiner's finding of no substantial new question of patentability was not a decision favorable to patentability. *Id.* (citing *Belkin*, 696 F.3d at 1383). The Board also confirmed that it did not dismiss the cross-appeal because the Examiner had found no substantial new question of patentability with respect to the *original* claims, but it did so based on the Examiner's subsequent, independent determination that Airbus's proposed rejections of *new* claims 91–94 raised no substantial new question of patentability. *Id.*

Airbus timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determinations, including whether the Board possessed jurisdiction in a case before it, *de novo*. *In re Gartside*, 203 F.3d 1305, 1315 (Fed. Cir. 2000). Statutory interpretation is a question of law that we likewise review *de novo*. *In re Kathawala*, 9 F.3d 942, 945 (Fed. Cir. 1993).

*Inter partes* reexamination is a two-step process. First, "after the filing of a request for inter partes reexam-

ination under section 311, the Director shall determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 312(a) (2006). After the Director has determined that there is a substantial new question of patentability affecting a claim, the Director orders "inter partes reexamination of the patent for resolution of the question." *Id.* § 313.

After institution, § 314(a) provides that "reexamination shall be conducted according to the procedures established for initial examination under the provisions of sections 132 and 133." *Id.* § 314(a). The patentee is "permitted to propose any amendment to the patent and a new claim or claims, except that no proposed amended or new claim enlarging the scope of the claims of the patent shall be permitted." *Id.* In addition, after institution, a third-party requester is limited to citing certain additional prior art:

> (1) which is necessary to rebut a finding of fact by the examiner;

> (2) *which is necessary to rebut a response of the patent owner*; or

> (3) which for the first time became known or available to the third party requester after the filing of the request for inter partes reexamination proceeding. Prior art submitted under paragraph (a)(3) of this section must be accompanied by a statement as to when the prior art first became known or available to the third party requester and must include a discussion of the pertinency of each reference to the patentability of at least one claim.

37 C.F.R. § 1.948(a) (emphasis added).

Airbus argues that the Board erred in dismissing the cross-appeal relating to the Examiner's refusal to consider

proposed rejections to new claims because of a deemed lack of a substantial new question of patentability. According to Airbus, Knight and AFWAL 2060 were properly cited under § 1.948(a)(2), and the determination of a substantial new question of patentability is irrelevant to new claims proposed by a patentee during the course of an *inter partes* reexamination. Airbus contends that the determination of a substantial new question of patentability is only applicable to arguments made by a requester in an *inter partes* reexamination request prior to institution. Airbus also argues that, in the alternative, an examiner's decision that a proposed rejection raises no substantial new question of patentability is appealable because it is a decision favorable to patentability.

Firepass responds that the Board correctly dismissed Airbus's cross-appeal because Airbus may not appeal from an examiner's decision that a proposed rejection raises no substantial new question of patentability. Firepass asserts that § 312(a) obligates the Director to determine whether a substantial new question of patentability has been raised with respect to "any claim of the patent" that a third-party requester asks the PTO to review. Firepass argues that the relevant statutory framework, PTO regulations, and the Manual of Patent Examining Procedure ("MPEP") do not distinguish between original and added claims. Therefore, Firepass contends that the substantial new question of patentability test was properly applied to new claims 91–94.

We agree with Firepass that a party may not appeal from an examiner's decision that a proposed rejection fails to raise a substantial new question of patentability on the ground that such a decision is one favorable to patentability. *Belkin*, 696 F.3d at 1383. Such a decision is not a patentability decision, favorable or otherwise; it is a substantial new question decision. Thus, that argument of Airbus's fails.

However, the provision requiring a determination of a substantial new question of patentability was not applicable to the case once the Director already had ordered reexamination on the ground that other prior art raised a substantial new question of patentability. We therefore agree with Airbus that the Board erred in dismissing the cross-appeal for lack of jurisdiction because the Examiner incorrectly refused to consider proposed rejections to newly-added claims after reexamination had been instituted.

Once reexamination has been instituted, it is only 37 C.F.R. § 1.948(a)(2) that limits the prior art that can be raised by the third-party requester in proposed rejections to newly-added or amended claims. Although § 312(a) requires the Director to "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request," the statute notably does not contain the same requirement for proposed rejections to claims added or amended after institution of the reexamination. 35 U.S.C. § 312(a) (2006). Section 312 is expressly limited to the pre-institution request from the third party. *Id.*

Section 314 governs the conduct of *inter partes* reexamination proceedings, and it provides that "reexamination shall be conducted according to the procedures established for initial examination under the provisions of sections 132 and 133." *Id.* § 314(a). Sections 132 and 133, in turn, discuss the initial prosecution of an application. *See id.* § 132 (titled "Notice of rejection; reexamination"); *id.* § 133 (titled "Time for prosecuting application"). None of those sections requires an examiner to evaluate proposed rejections to new claims added during reexamination for a substantial new question of patentability; instead, the statute only directs the examiner to follow "the procedures established for initial examination." *Id.* § 314(a).

In addition to the framework established by § 314 for the conduct of reexamination proceedings, PTO regulations explicitly restrict the prior art that can be raised by the third-party requester once the Director has ordered *inter partes* reexamination.  37 C.F.R. § 1.948(a)(2) limits a third-party requester to use of additional prior art that, *inter alia*, "is necessary to rebut a response of the patent owner."  The language, "is necessary to rebut," provides a gatekeeping function to control the additional prior art that a third-party requester may bring into the reexamination.  Section 1.948(a)(2) thus limits the third-party's ability to cite additional prior art against a newly-added or amended claim with respect to limitations for which the prior art has already been considered either during original prosecution or in the request for reexamination.

"The MPEP [is] commonly relied upon as a guide to patent attorneys and patent examiners on procedural matters . . . ."  *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1439 (Fed. Cir. 1984).  Although the MPEP does not have the force of law, it is entitled to judicial notice "so far as it is an official interpretation of statutes or regulations with which it is not in conflict."  *Id.*  Here, the MPEP is consistent with the statutory scheme and § 1.948(a)(2).  MPEP § 2666.05, titled "Third Party Comments After Patent Owner Response," pertains to § 1.948(a)(2) and the limitations on submission of prior art by the third-party requester *after the order* for *inter partes* reexamination.  According to § 2666.05, "any such new proposed rejection stands on the same footing as a proposed rejection presented with the request for reexamination."  MPEP § 2666.05 (2008).  Section 2666.05 continues, citing MPEP § 2617 for "the required discussion of the pertinency of each reference," and directing that "[a]n explanation pursuant to the requirements of 35 U.S.C. [§] 311 of how the art applies is no less important at this stage of the prosecution, than it is when filing the request."  *Id.*

Section 2617, in turn, provides guidelines for applying prior art in the request for *inter partes* reexamination, and states that the request "must 'set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested.'" *Id.* § 2617 (quoting 35 U.S.C. § 311(b)(2) (2006)). Citing PTO regulations, § 2617 requires a statement pointing out each substantial new question of patentability, but that requirement only extends to the request for reexamination. *Id.* (citing 37 C.F.R. § 1.915(b)(3)). Consequently, neither § 2617 nor § 2666.05 explicitly or implicitly directs an examiner to determine whether a proposed rejection presents a substantial new question of patentability with respect to a new or amended claim. Section 2617 only directs the third-party requester to present an explanation of how the proposed rejections apply to each of the claims, which, in the case of a request, entails a discussion of a substantial new question of patentability.

In this case, Airbus's proposed citation of prior art is well within § 1.948(a)'s permission to cite prior art "which is necessary to rebut a response of the patent owner." That response that Airbus is entitled to rebut was the addition of new claims 91–94. Whether it rebuts those claims is a question for the Examiner on remand.

Firepass's additional reliance on *Belkin* is misplaced. In *Belkin* we considered whether the Board has jurisdiction to decide if a substantial new question of patentability exists with respect to a prior art reference before institution of *inter partes* reexamination. *Belkin*, 696 F.3d at 1382. We concluded that the "Director's determination that an issue does not raise a substantial new question of patentability is not a decision favorable to patentability." *Id.* at 1383. We explicitly declined, however, to "reach the issue of what prior art references the PTO may or may not consider during reexamination in response to an amended or substituted claim." *Id.* at 1384 n.2. Thus, *Belkin* does not inform our understanding of

the availability of prior art in a proposed rejection after reexamination has been instituted.

The Board erred here because it premised its dismissal of Airbus's cross-appeal on the Examiner's decision not to consider Airbus's proposed rejections because of a lack of a substantial new question of patentability. But, once the Director ordered *inter partes* reexamination it was § 1.948(a), not a determination of a substantial new question of patentability, that governed the limitations on Airbus's submission of prior art. Thus, the Examiner erred in evaluating Knight and AFWAL 2060 for a substantial new question of patentability, when his evaluation should have been conducted under § 1.948(a)(2). We have considered Firepass's remaining arguments and find them unpersuasive.

## CONCLUSION

Because the Board erred in dismissing Airbus's cross-appeal for lack of jurisdiction, we vacate and remand for further proceedings consistent with this opinion.

## VACATED AND REMANDED

### COSTS

Costs to Airbus.