# United States Court of Appeals for the Federal Circuit

---

**NEW VISION GAMING & DEVELOPMENT, INC.,**
*Appellant*

**v.**

**SG GAMING, INC., FKA BALLY GAMING, INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1399, 2020-1400

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. CBM2018-00005, CBM2018-00006.

---

Decided: May 13, 2021

---

MATTHEW JAMES DOWD, Dowd Scheffel PLLC, Washington, DC, argued for appellant. Also represented by ROBERT JAMES SCHEFFEL; DAVID E. BOUNDY, Cambridge Technology Law LLC, Newton, MA.

NATHAN K. KELLEY, Perkins Coie LLP, Washington, DC, argued for appellee. Also represented by GENE WHAN LEE, New York, NY.

DANA KAERSVANG, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by JEFFREY B. CLARK, MELISSA N. PATTERSON; KAKOLI CAPRIHAN, SARAH E. CRAVEN, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

ROBERT GREENSPOON, Flachsbart & Greenspoon, LLC, Chicago, IL, for amicus curiae US Inventor, Inc.

_____

Before NEWMAN, MOORE, and TARANTO, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* MOORE.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* NEWMAN.

MOORE, *Circuit Judge*.

New Vision Gaming & Development, Inc., appeals two covered-business method review final-written decisions. In those decisions, the Patent Trial and Appeal Board held that all claims of U.S. Patent Nos. 7,451,987 and 7,325,806, as well as proposed substitute claims, are patent ineligible under 35 U.S.C. § 101. New Vision requests that we vacate and remand the Board's decisions in light of *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). Because *Arthrex* issued after the Board's final-written decisions and after New Vision sought Board rehearing, New Vision has not waived its *Arthrex* challenge by raising it for the first time in its opening brief before this Court. *See C.A. Casyso GmbH v. HemoSonics LLC*, No. 20-1444 (Oct. 27, 2020) (non-precedential order) (vacating and

remanding in analogous circumstances). Thus, we vacate and remand for further proceedings consistent with *Arthrex*, and we need not reach any other issue presented in this case.

## VACATED AND REMANDED

### COSTS

Each side shall bear its own costs.

# United States Court of Appeals
# for the Federal Circuit

---

**NEW VISION GAMING & DEVELOPMENT, INC.,**
*Appellant*

**v.**

**SG GAMING, INC., FKA BALLY GAMING, INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1399, 2020-1400

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. CBM2018-00005, CBM2018-00006.

---

NEWMAN, *Circuit Judge*, concurring in part, dissenting in part.

I agree that *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019) applies, and that it is appropriate to vacate the decision of the unconstitutional Patent

Trial and Appeal Board ("PTAB" or "Board").[1]  However, in this case a threshold issue requires resolution, for the *Arthrex* remand may be unnecessary and unwarranted. There may be no basis for any PTAB proceeding at all, for the parties to this dispute had agreed to a different forum, and New Vision Gaming & Development, Inc. asks for compliance with that agreement.

New Vision and SG Gaming, Inc.[2] mutually agreed, in their patent license agreement, that if "any dispute" arose, jurisdiction would be "exclusive" in the appropriate federal or state court in the state of Nevada.  The agreement provides:

> § 4.f.  <u>Governing Law and Forum.</u>  This Agreement shall be construed and enforced in accordance with the laws of the State of Nevada, without giving effect to the principles of conflicts of laws.  This Agreement shall be deemed to be a contract made and entered into in the State of Nevada.  In the event of any dispute between any of the parties that cannot be resolved amicably, the parties agree and consent to the exclusive jurisdiction of an appropriate state or federal court located within the

---

[1]   *Bally Gaming, Inc. v. New Vision Gaming & Dev., Inc.*, No. CBM2018-00005, Paper 19 (P.T.A.B. June 22, 2018) ("Institution Dec.") (J.A. 86–120); *Bally Gaming, Inc. v. New Vision Gaming & Dev., Inc.*, No. CBM2018-00006, Paper 19 (P.T.A.B. June 22, 2018) (J.A. 206–40).  *See also Bally Gaming, Inc. v. New Vision Gaming & Dev., Inc.*, No. CBM2018-00005, 2019 WL 2527364 (P.T.A.B. June 19, 2019) ("Board Op."); *Bally Gaming, Inc. v. New Vision Gaming & Dev., Inc.*, No. CBM2018-00006, 2019 WL 2527169 (P.T.A.B. June 19, 2019).

[2]   SG Gaming, Inc. was formerly known as Bally Gaming, Inc. at the time of the agreement.

> State of Nevada, Clark County, to resolve any such dispute.

J.A. 802.

Dispute arose, and New Vision eventually filed suit in the federal district court in Nevada. SG Gaming then filed these petitions in the PTAB. The Board refused to respect the forum selection agreement, and proceeded to final decision of the petitions. In view of *Arthrex*, we must vacate that Board's decision. Our usual action is to remand to the PTAB, for redetermination by a new, properly constituted Board. However, the forum question requires resolution, for if the parties are committed to a Nevada forum instead of the PTAB, there is no basis for new PTAB proceedings on remand. Thus the question of forum warrants attention before we require a new trial by a new Board.

The PTAB declined to apply the parties' agreed forum, stating that it "[does] not discern, nor has Patent Owner pointed to, any portions of chapter 32 or § 18 of the AIA, or authority otherwise, that explicitly provide for a contractual estoppel defense." Institution Dec. at 10–11; *see also* Board Op. at *3 ("[W]e observed that Patent Owner had not identified any controlling authority—such as by statute, rule, or binding precedent—that would require the Board to deny institution of a covered business method patent review based on contractual estoppel."). However, precedent requires respecting an agreed selection of forum. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–10 (1972) ("Forum-selection clauses . . . are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."); *see also Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1310 (Fed. Cir. 2011) (stating that where mandatory "shall" language is used to designate the proper forum, "the forum selection clause should be enforced").

New Vision states that forum selection was a contract condition, as is understandable, for it affects the standard

of proof of invalidity.  *See O'Gorman & Young, Inc. v. Hartford Fire Ins. Co.*, 282 U.S. 251, 267 (1931) ("That the right to contract about one's affairs is a part of the liberty of the individual protected by [the Constitution] is settled by the decisions of this court and is no longer open to question."); *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011) ("[S]uch a forum selection clause would be meaningless because . . . the merits would have been litigated in a forum other than that which was bargained for.").

Both sides have briefed the forum selection question in this administrative context.  New Vision cites *Dodocase VR, Inc. v. MerchSource, LLC*, 767 F. App'x 930 (Fed. Cir. 2019) to illustrate removal from the PTAB based on an agreed choice of forum.  SG Gaming states that the Board's rejection of the choice of forum is an unreviewable "institution" decision, citing *Thryv, Inc. v. Click-To-Call Technologies, LP*, 140 S. Ct. 1367 (2020).  These aspects require resolution now, rather than after a full PTAB proceeding on remand.

The Director of the Patent and Trademark Office has intervened in this appeal to argue that this court has no jurisdiction to review this action because it is "final and nonappealable" under 35 U.S.C. § 324(e).  However, the Board's rejection of the parties' choice of forum is indeed subject to judicial review, for § 324(e) does not bar review of Board decisions "separate . . . to the in[stitu]tion decision." *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1332 (Fed. Cir. 2020).  Appeal is barred as to "a determination 'whether a substantial new question of patentability affecting any claim of the patent is raised,'" *Belkin Int'l, Inc. v. Kappos*, 696 F.3d 1379, 1382 (Fed. Cir. 2012), but not as to "the Board's 'conduct' of the review." *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375 (Fed. Cir. 2014).

Here, the Board's "conduct" in declining to adhere to the parties' contracted forum warrants our review before remanding to a fresh Board for post-grant litigation. New Vision cites cogent authority of the Administrative Procedure Act as in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1359 (2018) and in *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131, 2142 (2016). SG Gaming argues that the license agreement "did not bar SG Gaming from pursuing CBM reviews" because the Agreement concerned disputes "relating to the Agreement." SG Gaming Br. 10. However, as explained by this court in *Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1331 (Fed. Cir. 2000): "Patent infringement disputes do arise from license agreements. . . . Thus, the governing law clause . . . in any patent license agreement, necessarily covers disputes concerning patent issues." I agree that there are niceties, but they require resolution as a predicate to any remand after vacatur.

My colleagues decline to reach this question, and simply hold that *Arthrex* requires vacatur and remand. However, the question of forum selection is not thereby resolved; it is merely postponed to determination by a new, constitutionally organized Board. It is both inefficient and unnecessary to require replacement PTAB proceedings if the new PTAB does not have jurisdiction to proceed.

Thus, while I agree that the Board's decision must be vacated under *Arthrex*, I respectfully dissent from our remand without resolving the issue of forum selection.