# United States Court of Appeals
# for the Federal Circuit

---

**ST. JUDE MEDICAL,
CARDIOLOGY DIVISION, INC.,**
*Appellant*

**v.**

**VOLCANO CORPORATION,**
*Appellee,*

AND

**MICHELLE K. LEE, Deputy Director, United States
Patent and Trademark Office,**
*Intervenor.*

---

2014-1183

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00258.

---

**ON MOTION**

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

**O R D E R**

St. Jude Medical, Cardiology Division, Inc., petitioned the Director of the United States Patent & Trademark Office to institute an *inter partes* review of a patent owned by Volcano Corporation. The Director, through her delegee, denied the petition. St. Jude appealed the non-institution decision to this court. Volcano and the Director now move to dismiss. We grant the motion.

BACKGROUND

In chapter 31 of Title 35, Congress established a process for *inter partes* review of an issued patent within the PTO. Section 311 specifies that a person other than the owner of the patent may petition the PTO for such review; section 312 describes the required contents of the petition; section 313 allows a response. 35 U.S.C. §§ 311-313. Section 314 provides for the Director to institute an *inter partes* review upon receiving a petition. It specifies that the Director "shall determine whether to institute an inter partes review," *id.* § 314(b), and states that the Director may not grant the petition unless "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged," *id.* § 314(a). Section 315 imposes certain other restrictions on the Director's "instituting" an *inter partes* review; for example, it bars such institution where "the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent." *Id.* § 315(b). Section 314(d), entitled "No Appeal," adds: "The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable." *Id.* § 314(d).

The "conduct" of an *inter partes* review follows its "institution," and the Patent Trial and Appeal Board is the one to "conduct each inter partes review instituted under" chapter 31. *Id.* § 316(c). Unless the review is dismissed, the Board "shall issue a final written decision," determin-

ing "the patentability of any patent claim challenged by the petitioner and any new claim added" during the review under section 316. *Id.* § 318(a). The final written decision is the only decision that the statute authorizes a dissatisfied party to appeal to this court. Section 319 states that "[a] party dissatisfied with the final written decision of the [Board] under section 318(a) may appeal the decision pursuant to sections 141 through 144." *Id.* § 319. Section 141(c) states that "[a] party to an inter partes review . . . dissatisfied with the final written decision of the [Board] under section 318(a) . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit." *Id.* § 141(c).

In 2010, St. Jude brought suit against Volcano in the United States District Court for the District of Delaware, alleging infringement of five St. Jude patents. *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, No. 10-cv-631 (D. Del. filed July 27, 2010). On September 20, 2010, Volcano filed a counterclaim against St. Jude asserting infringement of U.S. Patent No. 7,134,994—the patent at issue here. More than two years later, on October 22, 2012, the district court, based on the stipulations of the parties, dismissed all claims relating to the '994 patent. *See St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, No. 10-cv-631 (D. Del. Oct. 22, 2012), ECF No. 437.

Six months after the dismissal, on April 30, 2013, St. Jude filed a petition for *inter partes* review of the '994 patent. The Director, through the Board as her delegee, denied the petition.[1] The Board explained that a counterclaim alleging infringement constitutes a "complaint

---

[1]    The Director, by regulation, has delegated to the Board the authority under section 314 to decide whether to institute an *inter partes* review. 37 C.F.R. §§ 42.4 & 42.108. The Board, in making the review-instituting decision, is exercising the Director's section 314 authority.

alleging infringement of the patent" within the meaning of section 315(b), which bars institution of an *inter partes* review of a patent if the petitioner was served with a complaint alleging infringement of the patent more than one year before filing the petition.   Accordingly, the 2010 counterclaim against St. Jude in the Delaware action barred the Director from instituting an *inter partes* review of the '994 patent on St. Jude's 2013 petition.

St. Jude has appealed the Director's decision not to institute an *inter partes* review, asserting that this court has subject matter jurisdiction under 28 U.S.C. § 1295 and that 35 U.S.C. § 314(d) does not bar this court's immediate review of the Director's decision.  Volcano and the Director moved to dismiss the appeal.

## DISCUSSION

We hold that we may not hear St. Jude's appeal from the Director's denial of the petition for *inter partes* review. We base that conclusion on the structure of the *inter partes* review provisions, on the language of section 314(d) within that structure, and on our jurisdictional statute read in light of those provisions.

Chapter 31 authorizes appeals to this court only from "the final written decision of the [Board] under section 318(a)."   *Id.* § 319.   Likewise, section 141(c) in relevant part authorizes appeal only by "a party to an *inter partes* review . . . who is dissatisfied with the final written decision of the [Board] under section 318(a)."  *Id.* § 141(c). What St. Jude now challenges, however, is the Director's non-institution decision under section 314(a) & (b).  That is not a "final written decision" of the Board under section 318(a), and the statutory provisions addressing *inter partes* review contain no authorization to appeal a non-institution decision to this court.

The statute separates the Director's decision to "institute" the review, § 314, on one hand, from the Board's

"conduct" of the review "instituted" by the Director, § 316(c), and the Board's subsequent "written decision," § 318, on the other. And it applies one standard—based on "reasonable likelihood" of success—to the Director's decision to institute, § 314(a), and another standard—based on "patentability"—to the Board's decision on the merits, § 318(a). The statute thus establishes a two-step procedure for *inter partes* review: the Director's decision whether to institute a proceeding, followed (if the proceeding is instituted) by the Board's conduct of the proceeding and decision with respect to patentability. *Cf. Belkin Int'l, Inc. v. Kappos*, 696 F.3d 1379, 1382 (Fed. Cir. 2012) (characterizing *inter partes* reexamination as a "two-step process": "[f]irst, . . . a determination 'whether a substantial new question of patentability affecting any claim of the patent is raised' . . . [and] [s]econd, . . . 'resolution of the question'"). The statute provides for an appeal to this court only of the Board's decision at the second step, not the Director's decision at the first step.

In fact, the statute goes beyond merely omitting, and underscoring through its structure the omission of, a right to appeal the non-institution decision. It contains a broadly worded bar on appeal. Under the title, "No Appeal," Section 314(d) declares that "[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable." *Id.* § 314(d). That declaration may well preclude all review by any route, which we need not decide. It certainly bars an appeal of the non-institution decision here.

The chapter 31 provisions, together with section 141(c), make clear that we lack jurisdiction. The statutory grant of subject matter jurisdiction that St. Jude identifies, 28 U.S.C. § 1295(a)(4)(A), authorizes this court to hear "an appeal from a decision of the Patent Trial and Appeal Board of the United States Patent and Trademark Office with respect to a[n] . . . inter partes review under title 35." That provision is most naturally read to refer

precisely to the Board's decision under section 318(a) on the merits of the *inter partes* review, after it "conducts" the proceeding that the Director has "instituted." Under that reading, the statutory grant of jurisdiction to this court matches the appeal right in chapter 31 and section 141(c), and St. Jude's appeal is outside both.

Accordingly,

IT IS ORDERED THAT:

(1)  The motions to dismiss are granted.

(2)  Each side shall bear its own costs.

FOR THE COURT

  April 24, 2014  
Date

/s/ Daniel E. O'Toole  
Daniel E. O'Toole  
Clerk of Court