# United States Court of Appeals
# for the Federal Circuit

---

**IN RE DOMINION DEALER SOLUTIONS, LLC.,**
*Petitioner.*

---

Miscellaneous Docket No. 109

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office.

---

STEVEN J. ROCCI, Woodcock Washburn LLP, of Philadelphia, Pennsylvania, for petitioner. With him on the petition were HENRIK D. PARKER and JEFFREY W. LESOVITZ.

NATHAN K. KELLEY, Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for respondent United States Patent and Trademark Office. With him on the response were FRANCES M. LYNCH and MEREDITH H. SCHOENFELD, Associate Solicitors.

CRAIG S. SUMMERS, Knobbe, Martens, Olson & Bear, LLP, of Irvine, California, for respondent AutoAlert, Inc. With him on the response were PAUL A. STEWART, DAVID G. JANKOWSKI and CHERYL T. BURGESS.

---

**ON PETITION**

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge*.

## **O R D E R**

Dominion Dealer Solutions, LLC, petitioned the Director of the United States Patent & Trademark Office to institute *inter partes* reviews of five patents owned by AutoAlert, Inc. The Director, through her delegee, denied the petitions. Dominion now petitions this court to issue a writ of mandamus that would vacate the non-institution decisions and order the Director to institute an *inter partes* review for each of the five AutoAlert patents. As we decide today in *St. Jude Medical, Cardiology Div., Inc. v. Volcano Corp.*, No. 2014-1183, however, the relevant statutory provisions make clear that we may not hear an appeal from the Director's decision not to institute an *inter partes* review. Based on that decision, we deny Dominion's petition for mandamus relief.

### BACKGROUND

This dispute began in the United States District Court for the Central District of California, where AutoAlert sued Dominion, alleging infringement of five patents. The patents claim systems and methods that involve alerting a car dealership when a new lease or sale opportunity seems a good fit for a past customer. *AutoAlert, Inc. v. Dominion Dealer Solutions, LLC*, No. 8:12-cv-1661 (C.D. Cal. filed Oct. 1, 2012).

After being served the complaint in the California action, Dominion timely petitioned the Director for *inter partes* reviews of those five patents under 35 U.S.C. §§ 311-319. The California district court then stayed the case pursuant to section 315(a)(2). The Director, through the Patent Trial and Appeal Board as her delegee, denied the petition, deciding under section 314(a) & (b) not to

institute any of the requested *inter partes* reviews.[1] The Board explained that none of Dominion's petitions showed, as required to launch such a review, "that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged." *Id.* § 314(a).

Dominion filed requests for rehearing, arguing that unrebutted evidence demonstrated a reasonable likelihood that the challenged claims are invalid. The Board denied rehearing. In October 2013, Dominion sued the PTO in the United States District Court for the Eastern District of Virginia, invoking that court's jurisdiction under 28 U.S.C. §§ 1331 & 1338 and seeking relief from the non-institution decision under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and a mandamus statute applicable to district courts, 28 U.S.C. § 1361. In November 2013, Dominion filed the present petition for a writ of mandamus in this court under 28 U.S.C. § 1651, challenging the Director's non-institution decision directly in this court.

## DISCUSSION

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U. S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "'clear and

---

[1] Section 314 assigns the decision to institute an *inter partes* review to the "Director." § 314(a), (b). The Director, by regulation, has delegated that decision to the Board. 37 C.F.R. §§ 42.4 & 42.108. The Board, in making the review-instituting decision, is exercising the Director's section 314 authority.

indisputable'" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

In another Order issued today, we dismiss an appeal by a patent challenger seeking review of the Director's decision not to institute an *inter partes* review. *See* Order Dismissing Appeal, *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, No. 2014-1183 (Fed. Cir. Apr. 24, 2014). We explain that such a challenger may not appeal the non-institution decision to this court. We conclude that such an appeal is precluded by the statutory provisions addressing *inter partes* review, including section 314(d)'s broad declaration that the Director's decision "whether to institute an inter partes review under this section shall be final and nonappealable," and by our jurisdictional statute. *See St. Jude*, slip op. at 5-6.

Those conclusions require denial of Dominion's petition for mandamus relief. At a minimum, given our conclusions about the statutory scheme, Dominion has no "clear and indisputable" right to challenge a non-institution decision directly in this court, including by way of mandamus. That is all we need to decide.

As we have noted, Dominion has a challenge to the Director's non-institution decision pending in district court. The government's position is that section 314(d)'s broad language precludes judicial review of the non-institution decision in that proceeding. The district court in Virginia has recently agreed. *Dominion Dealer Solutions, LLC v. Lee*, No. 3:13CV699 (E.D. Va. Apr. 18, 2014). We need not decide that issue here.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.


FOR THE COURT


___April 24, 2014___
        Date

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court