NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ZOLL LIFECOR CORPORATION,**
*Appellant,*

**v.**

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND KONINKLIJKE PHILIPS ELECTRONICS N.V.,**
*Appellees.*

---

2014-1588, -1589, -1590, -1591, -1592, -1593, -1594, -1595

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00606, IPR2013-00607, IPR2013-00609, IPR2013-00612, IPR2013-00613, IPR2013-00615, IPR2013-00616, and IPR2013-00618.

---

**ON MOTION**

---

Before O'MALLEY, WALLACH, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

**O R D E R**

ZOLL Lifecor Corporation ("ZOLL Lifecor") has appealed from decisions of the Director of the United States Patent & Trademark Office, through her delegee, the Patent Trial and Appeal Board, denying petitions for *inter partes* review of patents owned by Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation ("Philips"). We grant Philips' motions to dismiss.

I.

In 2006, ZOLL Medical Corporation acquired a then separate entity, Lifecor, Inc. After the acquisition, the Lifecor business operated as a wholly-owned subsidiary of ZOLL Medical under the name ZOLL Lifecor Corporation.

On June 18, 2010, Philips filed a complaint against ZOLL Medical in the federal district court in Massachusetts. As amended, Philips' complaint claimed that ZOLL Medical infringed a number of its patents, including U.S. Patent Nos. 5,607,454 (the "'454 patent"), 5,749,905 (the "'905 patent"), 5,803,927 (the "'927 patent"), 5,836,978 (the "'978 patent"), 6,047,212 (the "'212 patent"), and 5,735,879 (the "'879 patent").

On September 21, 2012, Philips filed a complaint against ZOLL Lifecor in the federal district court in the Western District of Pennsylvania, and served ZOLL Lifecor on the same day. The complaint asserted infringement of the '454 patent, the '905 patent, the '927 patent, the '978 patent, the '212 patent, the '879 patent, as well as U.S. Patent Nos. 5,593,427 and 5,749,904.

On September 23, 2013, ZOLL Lifecor filed petitions for *inter partes* review seeking to invalidate the eight patents asserted in the Pennsylvania action. The Board rejected the petitions as untimely, relying on 35 U.S.C. § 315(b), which says that review "may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in

interest or privy of the petitioner is served with a complaint alleging infringement of the patent." These appeals followed.

## II.

This court is only authorized to hear "an appeal from a decision of the Patent Trial and Appeal Board of the United States Patent and Trademark Office with respect to a[n] . . . inter partes review *under title 35*." 28 U.S.C. §1295(a)(4)(A) (emphasis added). We agree with Philips that these non-institution decisions fall outside of our limited review authority.

As we explained in *St. Jude Medical, Cardiology Division, Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375-76 (Fed. Cir. 2014), what emerges from title 35 is a two-step procedure: "the Director's decision whether to institute a proceeding, followed (if the proceeding is instituted) by the Board's conduct of the proceeding and decision with respect to patentability."

The statute authorizes appeals to this court only from "the final written decision" of the Board. *See* 35 U.S.C. § 319; 35 U.S.C. § 141. And title 35 provides "no authorization to appeal a non-institution decision[.]" *St. Jude*, 749 F.3d at 1375. In fact, in 35 U.S.C. § 314(d), the statute "contains a broadly worded bar on appeal" from such decisions. *Id.* at 1376. The upshot is that "[t]he statute provides for an appeal to this court only of the Board's decision at the second step, not the Director's decision at the first step." *Id.*

ZOLL Lifecor tries to distinguish *St. Jude* on the ground that its petitions for *inter partes* review were rejected under § 315(b). But its factual premise is incorrect. The Board denied St. Jude's petition as untimely under § 315(b). *See id.* at 1375 (discussing the Board's decision that a counterclaim constitutes a complaint within the meaning of section 315(b)). Rejecting St.

Jude's argument that § 314(d) does not preclude this court's review of the Director's decision, we concluded that a petitioner could not appeal from a decision to deny institution based on § 315(b). *See id.* at 1375-76.

ZOLL Lifecor further argues that § 1295 gives explicit and broad jurisdiction to this court over *inter partes* review decisions. But we have explained "[t]hat provision is most naturally read to refer precisely to the Board's decision under section 318(a) on the merits of the *inter partes* review, after it 'conducts' the proceeding that the Director has 'instituted.'" *Id.* at 1376. Because ZOLL Lifecor's appeals fall outside of this statutory grant of jurisdiction, we grant Philips' motions to dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The motions to dismiss are granted.

(2)  Each side shall bear its own costs.

(3)  ZOLL Lifecor's motion for oral argument is denied.

(4)  The revised official caption is reflected above.


FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court


s19


ISSUED AS A MANDATE: August 25, 2014