GEA PROCESS ENGINEERING, INC., Appellant

v.

STEUBEN FOODS, INC., Appellee

**In re GEA Process Engineering, Inc., Petitioner.**

Nos. 2015–1536, 2015–1537, 2015–1538, 2015–1539, 2015–1540, 2015–125.

United States Court of Appeals, Federal Circuit.

June 23, 2015.

William P. Atkins, Michael Karl Heins, Benjamin Lee Kiersz, Pillsbury Winthrop Shaw Pittman LLP, McLean, VA, for Appellant.

Greg Gardella, Oblon, Spivak, McClelland, Maier & Neustadt, LLP, Alexandria, VA, for Appellee.

Before NEWMAN, LINN, and O'MALLEY, Circuit Judges.

## ON MOTION AND PETITION

NEWMAN, Circuit Judge.

### ORDER

Months after the Patent Trial and Appeal Board ("Board") granted GEA Process Engineering, Inc.'s ("GEA Process") petitions for inter partes review of patents owned by Steuben Foods, Inc. ("Steuben Foods"), the Board reconsidered and vacated its institution decision and terminated proceedings. GEA Process seeks a writ of mandamus directing the Board to withdraw that order, and also appeals seeking the same relief, which Steuben Foods moves to dismiss for lack of jurisdiction.

GEA Process is the subsidiary of a global company that manufactures and sells aseptic bottle filling machines. GEA Process's affiliate, GEA Procomac S.p.A, manufactures machines sold by GEA Process to customers in the United States. In September 2012, Steuben Foods filed suit in the United States District Court for the Western District of New York, alleging that GEA Process and GEA Procomac infringed five of Steuben Foods' patents relating to aseptic packaging of food products.

In October 2013, GEA Process petitioned the Director of the Patent and

Trademark Office for inter partes review ("IPR") of those patents, listing GEA Process as the sole real-party-in-interest. Trial was instituted in all five IPRs in March 2014. A few months after that decision, however, Steuben Foods sought, and was subsequently allowed, discovery relating to whether GEA Procomac's omission precluded institution of the proceedings. *See* 35 U.S.C. § 312(a)(2) ("A petition filed under section 311 may be considered only if ... the petition identifies all real parties in interest.")

On December 23, 2014, the Board entered a decision terminating all five IPR proceedings. Without addressing any issues of patentability, the Board vacated the March 2014 institution decision on the ground that they never should have been instituted. The Board noted that GEA Process's petitions did not identify all real-parties-in-interest and thus "the Petitions are incomplete pursuant to § 312(a), which dictates that we cannot consider the Petitions."

This court lacks jurisdiction over GEA Process's appeal. Read together, 35 U.S.C. §§ 319 and 141(c) authorize appeals only from a "final written decision of the [Board] under section 318(a)," which in turn refers only to "a final written decision *with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)*." § 318(a) (emphasis added). Here, the Board made no decision "with respect to the patentability" of any claim.

This court's authority to review IPR decisions under 28 U.S.C. § 1295(a)(4)(A) is limited to the Board's decision on the merits of the review, after it conducts the proceeding that the Director has instituted. *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1376 (Fed.Cir.2014); *see also GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1311–12

(Fed.Cir.2015). Because the Board's decision did not make a determination with respect to patentability, it is outside §§ 141(c), 318(a), 319 and, in turn, outside § 1295(a)(4)(A).

That the Board initially instituted proceedings here is of no moment. Our recent decision in *GTNX* is instructive on this point. In that case, the petitioner sought covered business method patent review, which is generally subject to the post-grant review provisions of chapter 32. The Board initially instituted proceedings but subsequently vacated the institution decision and terminated proceedings after it was determined that the petitioner had previously filed a declaratory judgment action that barred review under 35 U.S.C. § 325(a)(1). *See id.*

The *GTNX* court held that in addition to the fact that there was no "final written decision," the Board's decision could fairly be characterized as a "determination ... whether to institute" under 35 U.S.C. § 324(e) and thus "final and nonappealable." *Id.* at 1312. The court noted that the Board simultaneously vacated its earlier ruling and determined it lacked jurisdiction, and explained that under the circumstances "it is strained to describe this as anything but" an institution determination because the statutory language was not limited to an initial determination to the exclusion of a determination on reconsideration. *Id.*

Although this case involves inter partes review under chapter 31, rather than post-grant review under chapter 32, the analysis is the same. Here, as in *GTNX*, the Board expressly stated that it was vacating the earlier decisions to institute proceedings and simultaneously determined that the petitions were incomplete and thus could not be considered. Moreover, as in post-grant review, the determination to institute inter partes review is also "fi-

nal and nonappealable." 35 U.S.C. § 314(d).

For these reasons, we must also deny GEA Process's petition for a writ of mandamus. In *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed.Cir.2014), we relied on this statutory scheme to conclude that the petitioner could not invoke mandamus to challenge a non-institution decision in this court. We explained that a petitioner could not establish a " 'clear and indisputable' " right to relief in this court, *id.* at 1381 (citation omitted), given the careful statutory limits on this court's jurisdiction to review non-institution decisions.

Relying on § 314(d), GEA Process argues that mandamus should issue because the Board did not have authority to vacate the prior institution decisions. In *GTNX*, we explained that " 'administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so.' " *GTNX* at 1313 (quoting *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed.Cir.2008)). Like the petitioner in *GTNX*, GEA Process has not made any showing that would clearly deprive the Board of that default authority.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeals are dismissed.

(2) The mandamus petition is denied.

(3) All pending motions are denied as moot.

(4) Each side shall bear its own costs. FOR THE COURT