**In re SCHOTT GEMTRON CORPORATION,** Petitioner.

**No. 2015–133.**

United States Court of Appeals, Federal Circuit.

Aug. 11, 2015.

Marshall John Schmitt, Michael Best & Friedrich, LLP, Chicago, IL, argued for appellant. Also represented by Gilberto Eduardo Espinoza; Andrew Dufresne, Madison, WI.

William LaMarca, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor Michelle K. Lee. Also represented by Nathan K. Kelley, Monica Barnes Lateef, Scott C. Weidenfeller.

Before LOURIE, WALLACH, and HUGHES, Circuit Judges.

**ON PETITION**

**ORDER**

PER CURIAM.

Schott Gemtron Corporation ("Schott") petitioned the Director of the United States Patent & Trademark Office ("PTO") to institute *inter partes* review of U.S. Patent 8,286,561 ("the '561 patent"), assigned to SSW Holding Company, Inc. The Director granted the petition in part, instituting *inter partes* review on two of

the nine grounds asserted in the petition. The remaining seven grounds were accordingly denied.

Subsequently, on May 26, 2015, the PTO Patent Trial which held that Schott did not prove by a preponderance of the evidence that claims 1, 13, and 25 of the '561 patent are unpatentable under 35 U.S.C. § 103. *Schott Gemtron Corp. v. SSW Holding Co.,* IPR2014–00367, 2015 WL 3430088 (P.T.A.B. May 26, 2015). Schott appealed from that decision to this court. In a decision issued today, *Schott Gemtron Corp. v. SSW Holding Co.,* 612 Fed.Appx. 614 (Fed.Cir.2015), we summarily affirmed the Board's decision.

Schott now petitions this court to issue a writ of mandamus that would direct the PTO to grant *inter partes* review on two of the seven denied grounds. We hereby deny that petition.

Our opinions in *St. Jude Medical, Cardiology Division, Inc. v. Volcano Corp.,* 749 F.3d 1373 (Fed.Cir.2014) and *In re Dominion Dealer Solutions, LLC,* 749 F.3d 1379 (Fed.Cir.2014) are determinative. In *St. Jude,* we concluded that 35 U.S.C. § 314(d) prohibits interlocutory review of the PTO's denial of a petition for *inter partes* review. 749 F.3d at 1376. In *Dominion Dealer,* we further held that a non-institution decision could not be alternatively challenged via the extraordinary relief of mandamus. 749 F.3d at 1381. Those decisions artfully illuminate that the denial of a petition cannot be reviewed under any circumstances. This case is no different. 37 C.F.R. § 42.108(b) ("Denial of a ground is a Board decision not to institute *inter partes* review on that ground."). Indeed, we would undermine the statutory regime if we were to find mandamus unavailable when a petition is denied in its entirety, yet available when a petition is denied only in part. *In re*

*Cuozzo Speed Technologies, LLC,* 793 F.3d 1268 (Fed.Cir.2015) is not to the contrary.

Even if mandamus were available here, Schott fails to satisfy its exacting standard. *See Kerr v. U.S. Dist. Court for N. Dist. of Cal.,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."). In particular, Schott fails to establish a clear and indisputable right to relief because it seeks review of a discretionary decision. *See Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) ("The common-law writ of mandamus ... is intended to provide a remedy for a plaintiff ... only if the defendant owes him a clear non-discretionary duty."). Here, the decision to institute an *inter partes* review is left to the PTO's discretion. And pursuant to that discretion, the Board may elect to review "all or some of the challenged claims" and proceed "on all or some of the grounds of unpatentability asserted for each claim." 37 C.F.R. § 42.108(a). The extraordinary relief of mandamus is thus not warranted here.

Accordingly,

It is Ordered that:

Schott's petition for a writ of mandamus is denied.