PLAGER, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s judgment regarding vacating and remanding the cross-appeal. I dissent from the judgment that we lack jurisdiction to review the determination by the Patent Trial and, Appeal Board (“Board”) regarding whether assignor estoppel precludes it from instituting inter partes review in this case. I believe the majority’s reasoning is mistaken, and I respectfully dissent from it and the conclusion to which it leads. Regrettably, the majority’s view may' contribute to the already-existing confusion regarding which matters this court can review on appeal from a final decision by the Board.
*1250 Summarizing the case in its simplest terms, this is why:
Athena, pursuant to the statutory provisions of the America Invents Act (“ALA”), filed its petition requesting inter partes review of the ’586 patent owned by Husky. Husky, in its preliminary response, stated its opposition to the petition. It argued that Athena was barred from filing its petition by the doctrine of assignor estop-pel. The Board rejected Husky’s argument; it took the position that § 311(a) of the ALA determined who could file a petition, and that assignor , estoppel did not provide an exception to § 311(a).
The Board explained that § 311(a) provided simply that “a person who is not the patent owner” could file a petition; since Athena was not the owner, it was such a person. The Board interpreted the provision to mean just what it said and' not to have an implicit exception that would prevent a petitioner, who is subject to assign- or estoppel, from filing. Thus the Board applied essentially a ‘plain meaning[1] interpretation to the language of § 311(a). Thereafter, having determined that the petition to institute was properly before it, the Board instituted review and, in due course, issued a final written decision on the merits, upholding some claims and invalidating others.
In its appeal to this court, Husky stated that the single issue in its appeal is: “Did the Board legally err by determining that, pursuant to 35 U.S.C. § 311, the doctrine of assignor estoppel does not apply to the inter partes review concerning the ’536 patent_” Appellant’s Br. 1. Much of the briefing in this case focused on the application of assignor estoppel at the decision to institute stage, though some seemed to address more broadly the issue of assignor estoppel’s application to Board proceedings generally. Be that as it may, the only issue properly raised by the record on appeal is the one initiated by the Board and identified by Husky: at the time an initial petition is filed, does § 311(a) incorporate an unstated exception regarding who can file an initial petition, an exception based on assignor estoppel?
Before we can address the correctness of the Board’s resolution of that issue, we must first decide whether as a matter of law we can review the Board’s determination, a determination that was decisive regarding whether the Board could institute inter partes review of the ’536 patent. A statute and a Supreme Court decision govern the answer:. Congress’s mandate in § 314(d) that “[t]he determination ... whether to institute an inter partes review under this section shall be final and nonap-pealable,” and the recent opinion of the Supreme Court in Cuozzo[1]
It is clear from the prior opinions of this court, unquestioned by the Supreme Court, that the statute bars immediate review of a Board decision to institute an inter partes review, whether by interlocutory appeal,[2] mandamus,[3] or other procedural device.[4] What has not been clear is, *1251 when a final written decision of the Board is appealed to this court, as provided by statute,[5] what aspects, if any, of the Board’s decision to institute are then reviewable?
One part of that question is no longer in dispute—the fact that a particular issue is determined initially by the Board at the decision to institute stage does not affect the reviewability of the issue at the final written decision stage, so long as the issue remains relevant to the final merits under review. See, e.g., Versata Dev. Grp., Inc. v. SAP Am., Inc., 793 F.3d 1306, 1318-19, 1329 (Fed. Cir. 2015) (finding we could review on appeal of a final written decision whether the Board correctly took jurisdiction over the patent at issue as a CBM patent and whether the Board was authorized to rely on § 101 in CBM cases); In re Magnum Oil Tools Int'l, Ltd., No. 15-1300, 829 F.3d 1364, 1373-74, 2016 WL 3974202 at *4 (Fed. Cir. July 25, 2016) (finding we could review statements made by the Board in the decision to institute that were later relied upon in the final written decision).
With regard to the larger question—on appeal to this court of a final written decision, what aspects, if any, of the initial decision to institute remain subject to review—one view is that no aspect of the decision to institute is reviewable. That seems to be what the statute literally says, thus making the decision to institute entirely an administrative determination, however it is made. That is now a familiar argument, sometimes reflected in ease outcomes phrased in various ways based on assorted distinctions in the cases.
A different view, one that takes into account the long tradition of judicial review of administrative decisions as well as the mandate of the APA, suggests that the bar to judicial review under § 314(d) should be understood as limited to interlocutory appeals; what Congress wanted to avoid was piecemeal appellate review. Once a final written decision is rendered, the entire case on appeal is properly before the court, including issues surrounding the Board’s initial decision to institute review. In Cuozzo, that was essentially the position of Justice Alito, with whom Justice Sotomayor joined. See 136 S.Ct. at 2150-53 (Alito, J., concurring in part and dissenting in part).
The Cuozzo majority did not go as far as Justices' Alito and Sotomayor would; the Court determined that § 314(d) was not limited to ' barring interlocutory appeals. Id. at 2140. However, by also rejecting the ‘no review of the decision to institute’ view, the Court took an intermediate position that fundamentally altered' the playing field. The Court readily recognized that several factors pointed in favor of precluding any review of the Patent Office’s institution decisions. Id. at 2139-41. Nevertheless, said the Court, “in light of § 314(d)’s own text and the presumption favoring review,” there is one category of cases when the bar of § 314(d) applies, and at least three others when it may not.
The one category in which the bar applies is when “the' grounds for attacking the decision to institute inter partes review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office’s decision to initiate inter partes review.” Id. at 2141. The Court then stated “that we need not, and do not, decide the precise effect of § 314(d) on appeals that [1] implicate constitutional questions, that [2] depend on other less closely related statutes, or that [3] present other questions of interpreta *1252 tion that reach, -in terms of scope and impact, well beyond ‘this section.’” Id.[6]
• Thus the Court tells us that, despite the express language of § 314(d), this court’s review on appeal of a final written decision is not limited to' the substantive merits of the case under' §§ 102 and 103, but may include aspects of the Board’s decision to institute. For us, then, the issue in this case is where does assignor estoppel fit in the Court’s matrix of what now can be reviewed?[7]
Assignor estoppel is an equitable doctrine that is recognized in the common law.[8] Given the long tradition of judicial review of administrative decision-making,[9] and the Supreme Court’s specific reference in Cuozzo to the APA’s provisions mandating review of agency action,[10] it would seem anomalous to say that the application of such a rule to proceedings before the Board, a unit of an administrative agency, is exclusively for the agency to decide. Applying the Cuozzo criteria, we must examine whether, by basing its decision on its ‘interpretation’ of what would appear to be a ‘related statute,’ the Board has insulated itself from judicial review? I think not.
For one, the doctrine of assignor estop-pel is in the nature of a common law doctrine, and not itself based on statute. We should be reluctant to allow immunizing judicial review simply because the Board may attribute its decision to an interpretation of a ‘related’ statute. That could open the door to possible manipulation by parties in presenting and arguing cases before the Board and this court.
More importantly, in order to honor the Supreme Court’s direction to this court to exercise judicious review over determinations of the Board, including when called for by extending that review to the Board’s decisions to institute, we must take a close look at what is actually involved. Even if the Board is presumed to have succeeded in tying the question of assignor estoppel to interpretation of a ‘related statute,’ in this case § 311(a), by the way it decided the matter, it is not so clear that this is “closely tied to the application and interpretation of statutes related to the Patent Office’s decision to initiate inter partes review.” Id. at 2141. The decision to institute inter partes review is governed primarily by the specifics of § 314(a)-(c). It would not be beyond reason to consider §311 to be instead a “less closely related statute.” (The terms of the second category in Cuozzo).
And beyond that, the question of whether assignor estoppel applies to the decision to institute made by the Board in this case could be considered to be one that “presents] other questions of ■ interpretation *1253 that reach, in terms of scope and impact, well beyond ‘this section.’ ” Id. (The terms of the third category in Cuozzo). And again, the phrase, “this section,” put in quotes in the original, serves as an apparent reference to the other subparts of §314.
The Supreme Court’s pass of the “precise effect of § 314(d) on appeals that implicate” those categories means that this court must undertake that determination in future cases. Applying either of those Cuozzo categories to cases before this court, including issues decided in past cases, reveals that there is a range of reviewable issues that this court is obligated to consider. Examples ■ may include, among others, filing deadlines and joinder and estoppel issues.[11]
I offer no opinion as to whether the Board correctly determined that assignor estoppel does or does not apply to bar the petition in this'case; that issue is yet to be addressed. In my view it is necessary that we decide that issue as part of a proper judicial review of the case before us on final written decision. Whether under the second or third of Cuozzo’s suggested categories for review, or because it is not within Cuozzo’s basic standard for applying the bar of § 314(d) in the first, instance, the question of whether the Board properly ruled on the application of assign- or estoppel to this case is clearly subject to this court’s judicial power of review.
Accordingly, I find the majority’s analysis of this case, its unnecessary commentary approving prior cases that may no longer be good law in light of Cuozzo, and its discussion of why the question of the application of assignor estoppel to this case does not relate to “the Board’s ultimate invalidation authority,” unhelpful. From the majority’s refusal to undertake the required review of the Board’s decision, the issue properly raised on appeal, I respectfully dissent.

. Cuozzo Speed Techs., LLC v. Lee, — U.S. -, 136 S.Ct. 2131, 195 L.Ed.2d 423 (2016).

, We have considered and rejected interlocutory appeal of a decision not to institute. See St. Lude Med., Cardiology Div., Inc. v. Volcano Corp., 749 F.3d 1373, 1375-76 (Fed. Cir. 2014). We also have considered and rejected interlocutory appeal or mandamus relief for a decision to institute (later vacated by the Board). See GEA Process Eng'g, Inc. v. Steuben Foods, Inc., 618 Fed.Appx. 667 (Fed. Cir. 2015).

. In re Procter & Gamble Co., 749 F.3d 1376, 1378-79 (Fed. Cir. 2014).

. See HP Inc. v. MPHJ Tech. Inv., LLC, 817 F.3d 1339, 1344-47 (Fed. Cir. 2016) (on appeal of a final written decision, dealing with whether § 314(d) barred review of an APA challenge to the Board’s decision to institute).

. §319.

. The Court went further to explain that it did not preclude review of a final decision when a petition raised a due process problem with the entire proceeding, nor did the Court intend to enable an agency to act outside its statutory limits. Id, at 2141-42. The Court observed that such "shenanigans” may be re- - viewable under § 319 and the APA; similar to its treatment of the three reviewability categories, the Court did not elaborate on what constitutes ‘shenanigans.’

. The first category, constitutional questions, is not before us as no constitutional issues have been raised.

. "Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application) from later contending that what was assigned is a nullity.” Diamond Sci. Co. v. Ambico, Inc., 848 F.2d 1220, 1224 (Fed. Cir. 1988).

. See, e.g., Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986); 5 U.S.C. § 702.

. Id. at 2142 (citing 5 U.S.C. §§ 706(2)(A)-(D)).

. Accord Judge Reyna’s concurring opinion in Wi-Fi One, LLC v. Broadcom Corp., No. 15-1944, 837 F.3d 1329. 1339-41. 2016 WL 4933298, at *8-9 (Sept. 16, 2016) (Reyna, J., concurring).