Concurring opinion filed by Circuit Judge O’Malley.
Dissenting opinion filed by Circuit Judge Newman.
Dyk, Circuit Judge.
In a pending inter partes review proceeding (“IPR”) before the Patent Trial and Appeal Board (“the Board”), Arthrex, Inc. disclaimed all claims that were the subject of the petition. The disclaimer occurred before the Board issued an institution decision. The Board then entered an adverse judgment pursuant to 37 C.F.R. § 42.73(b). Arthrex appeals. Because we conclude that the Board acted within the scope of the regulation, we affirm.
Background
On April 19, 2016, Smith & Nephew, Inc. and Arthrocare Corp. filed an IPR petition challenging claims 1-9 of U.S. Patent No. 8,821,541 (“the ’541 patent”), which is owned by Arthrex. On July 22, 2016, Ar-threx disclaimed claims 1-9 of the ’541 patent as permitted under 37 C.F.R. § 42.107(e). Arthrex then filed a Preliminary Response, arguing that an IPR should not be instituted- because 37 C.F.R. § 42.107(e) states “[n]o inter partes review will be instituted based on disclaiméd claims.” At that point, Arthrex confronted 37 C.F.R. § 42.73(b), which provides:
A party may request judgment against itself at any time during a proceeding. Actions construed to. be a request for adverse judgment include:
(1) Disclaimer of the involved application or patent; • •
(2) Cancellation or disclaimer of a claim such that the party has no remaining claim in the trial;
(3) Concession of unpatentability or derivation of the contested subject matter; and
(4) Abandonment of the contest.
37 C.F.R. § 42.73(b) (emphasis added). In order to avoid the entering of an adverse judgment pursuant to 37 C.F.R. § 42.73(b), the Preliminary Response stated that “[b]y filing the statutory disclaimer, Arthrex, Inc. is not requesting an adverse judgment.” J.A. 17.
After further briefing, the Board entered an adverse judgment against Ar-threx pursuant to 37 C.F.R. § 42.73(b), concluding that “our rules permit the Board to construe a statutory disclaimer of all challenged claims as a request for adverse judgment, even when the disclaimer occurs before the Board has entered a decision on institution.” Smith & Nephew, Inc. v. Arthrex, Inc., No. IPR2016-001917, slip op. at 6 (P.T.A.B. Sept. 21, 2016).
When the Board entered an adverse judgment,' an estoppel effect attached, as 37 C.F.R. § 42.73(d)(3)(f) precludes a patent owner “from taking action inconsistent with the adverse judgment, including obtaining in any patent '..; [a] claim that is not patentably distinct from á finally refused or canceled claim.” At the time of the adverse’ judgment, Arthrex had two pending continuation patent applications that this estoppel provision would impact. Those two applications have since issued as patents. Arthrex récently filed another continuation application, which remains in prosecution and therefore is affected by the adverse judgment.

*1348 Arthrex timely appealed. Smith & Nephew and ArthroCare Corp., the petitioners in the IPR proceeding, moved to dismiss the appeal for lack of subject-matter jurisdiction, arguing that 35 U.S.C. § 319 (providing for appeal from a “final written decision”) created the exclusive means of appeal and that the Board did not issue a “final written decision” as required by that section. This court denied the motion, directing the parties “to address in their briefs whether the order on appeal is reviewable as a final decision.” Arthrex, Inc. v. Smith & Nephew Corp., No. 17-1239, Dkt. No. 18 (Fed. Cir. Jan. 31, 2017).
Discussion
I
The first issue is whether the adverse final judgment is appealable. There is no contention that the statutory appeal-bar provision applies here. See 35 U.S.C. § 314(d) (stating that institution decisions “shall be final and nonappealable”); see also Cuozzo Speed Techs., LLC v. Lee, - U.S. -, 136 S.Ct. 2131, 2139-42, 195 L.Ed.2d 423 (2016). Rather, the question is whether a statute provides a right to appeal.
We approach this question in light of the general rule that judicial .review is presumed to be available with respect to final agency action. The Supreme Court has recognized “the strong presumption that Congress. intends judicial review of administrative action.” Mach Mining, LLC v. EEOC, - U.S. -, 135 S.Ct. 1645, 1651, 191 L.Ed.2d 607 (2015); see also Cuozzo, 136 S.Ct. at 2140; Administrative Procedure Act § 10, 5 U.S.C. §§ 701, 704 (providing judicial review for final agency actions unless precluded by statute).
Here, the language of 28 U.S.C. § 1295 appears to provide for appeal.[1] Section 1295(a)(4)(A) provides the Federal Circuit with jurisdiction over “an appeal from a decision of—the Patent Trial and Appeal Board of the United States Patent and Trademark Office with respect to ... inter partes review under title 35.” The adverse judgment in this case is a decision of the Board, and the decision is “with respect to” an inter partes review proceeding. The judgment is also final, as the judgment terminated the IPR proceeding. See In re Arunachalam, 824 F.3d 987, 988 (Fed. Cir. 2016) (holding that § 1295(a)(4)(A) incorporates a finality requirement); Copelands’ Enters., Inc. v. CNV, Inc., 887 F.2d 1065, 1067-68 (Fed. Cir. 1989) (en banc) (same).
Smith &■ Nephew argues, however, that the more specific reference to appeal rights in § 319 should govern; that § 319 only provides for review from a final written decision; and that there has been no final written decision here. Section 319 provides, “A party dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) may appeal the decision pursuant to sections 141 through 144.” 35 U.S.C. § 319.
On its face, § 319 does not cabin the appeal rights conferred by § 1295. However, Smith. & Nephew points to language in our previous decision, St. Jude Medical, Cardiology Division Inc. v. Volcano Corp., 749 F.3d 1373 (Fed. Cir. 2014). St. Jude stated that § 1295(a)(4)(A) “is most naturally read to refer precisely to the Board’s decision under section 318(a) on the merits of the inter partes review, after it ‘conducts’ the proceeding that the Director has ‘instituted.’ ” Id. at 1376. It also stated “[t]he final written decision is the only decision that the statute authorizes a *1349 dissatisfied party to appeal.” Id. at 1374. However, St. Jude did not involve a similar situation, and the availability of appeal of final adverse judgment decisions was not directly addressed in that case.
In St. Jude, the issue was whether § 1295(a)(4)(A) authorized review of a Board decision declining to institute an IPR or whether such an appeal was barred by § 314(d), which provides, “[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.” 35 U.S.C. § 314(d). St. Jude found that non-institution decisions fall within the “broadly worded bar on appeal” under § 314(d). 749 F.3d at 1376. Thus, the question there was whether the appeal bar foreclosed appellate jurisdiction—a question not involved here. Under these circumstances, we are not bound by the language in St. Jude. When a prior decision does not “squarely address[] [an] issue,” a court remains “free to address the issue on the merits” in a subsequent case. Brecht v. Abrahamson, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); see also Automated Merchandising Sys., Inc. v. Lee, 782 F.3d 1376, 1381 (Fed. Cir. 2015).
Because § 319 does not on its face provide the exclusive means for ¿ppeal over IPR decisions not subject to the appeal bar, and § 1295(a)(4)(A) on its face provides a right to appeal, we conclude that a final decision that disposes of an IPR proceeding in the form of an adverse judgment is a “decision” from the Board with respect to IPRs under title 35 and that § 1295 provides a right to appeal a final adverse judgment. This is also not a situation in which § 319 impliedly precludes review under § 1295. See Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345-48, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984); Pregis Corp. v. Kappos, 700 F.3d 1348, 1357-58 (Fed. Cir. 2012).
II
The next question is whether the Board properly entered an adverse judgment pursuant to 37 C.F.R. § 42.73(b). At the outset, we note that Arthrex has specifically disclaimed any argument that the regulations are not authorized by the statute.[2] Under these circumstances, we do not decide whether the PTO had authority to adopt this regulation. We reserve that issue for another day.
Arthrex argues only that the regulation is inapplicable. It first argues that this is so because Arthrex specifically stated that it was not requesting an adverse judgment. The application of the rule on its face does not turn on the patentee’s characterization of its own request, and such a construction would make no sense. If the Board’s authority to enter an adverse judgment depended on whether the patent owner requested an adverse judgment, a patent owner could always avoid an adverse judgment by simply stating that it is not requesting one, even with respect to the specific instances articulated in 37 C.F.R. § 42.73(b). This would render the rule a nullity. Moreover, § 42.73(b) gives the Board authority to construe a patent owner’s qctions as a request for an adverse judgment, suggesting the Board’s characterization of the action rather than the patent owner’s characterization is determinative. The appellant appears to have backed away from this argument in its Reply Brief. Appellant Reply Br. 15 (“But Arthrex never suggested that a Patent Owner could avoid adverse judgment in *1350 one of the expressly defined situations of 37 G.F.R, § 42.73(b)”). .
Arthrex alternatively points out that subsection 2 of 37 C.F.R. § 42.73(b) refers to the cancellation of claims such that there is “no remaining claim in the trial.” Arthrex argues that this means that subsection 2 only applies if an IPR proceeding has been instituted. We think the Board’s contrary interpretation is consistent with the rule. The rule states that an adverse judgment may be entered after - a petition has been filed, but before an IPR proceeding has been instituted. It then states that a patent owner may request an adverse judgment at any time during a “proceeding,” 37 C;F.R. § 42.73(b), and the PTO’s rules define “proceeding” as “a trial or preliminary proceeding,” which “begins with the filing of a petition for instituting a trial.” Id. § 42.2.[3]

While the rules define “trial” as requiring “a contested case instituted by the Board based upon a petition,” 37 C.F.R. § 42.2, the language of subsection 2 relating to remaining claims “in the trial” can be interpreted as meaning that there is no claim remaining for trial, which occurs when, as here, all of the challenged claims have been cancelled. The purpose of 37 C.F.R. § 42.73(b) is to define the circumstances in which the estoppel provision of 37 C.F.R. § 42.73(d) applies. The purpose of the estoppel provision is to “provide[ ] estoppel against claims that are patentably indistinct from those claims that were lost.” Rules of Practice for. Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions, 77 Fed. Reg. 48,612, 48,-649 (Aug. 14, 2012). For this purpose, there seems to be no meaningful distinction between claims that are cancelled before an IPR proceeding is instituted and claims that are cancelled after an IPR proceeding is instituted.
Additionally, it seems that the subsections of 37 C.F.R. § -42.73(b) should be applied consistently. Subsection 1 states that “[disclaimer of the involved application or patent” will be construed as a request for an adverse judgment. There is no time limitation; so this subsection on its face seems to apply at any time during the proceeding. We see no reason why estop-pel should apply if a patent owner disclaims an entire patent or application before an institution decision but should not apply if a patent owner merely disclaims some of the claims. Subsection 3 similarly contains no time limitation, stating that a “Concession of únpatentability or derivation of the contésted subject matter” will be construed as an adverse judgment.
The fact that the other provisions of 37 C.F.R. § 42.73(b) do not expressly turn on whether an IPR proceeding has yet been instituted supports the Board’s view that subsection 2 also is not so.limited.,Because we believe the Board’s interpretation of the rule is consistent with its language, and because there has been no challenge to the Board’s authority to adopt the rule, we sustain the Board’s reading of the regulation.
37 C.F.R. § 42.73(b) permits the Board to enter an" adverse judgment when a patent owner cancels all claims at issue after an IPR petition has been filed, but before an institution" decision.
Conclusion
We conclude that the Board’s decision is appealable, and that the Board’s interpretation is consistent with the language of the regulation. We do not reach the ques *1351 tions of whether the regulation is authorized by the statute or whether, if so, it was properly promulgated.
AFFIRMED
Costs
No costs.

. We need not decide whether the right to appéal comes directly from § 1295 or in conjunction with § 704 of the APA. Both statutes play a role in defining the reviewability of Board decisions.

. "Q: You're not contending that the PTO doesn’t have the authority to adopt a regulation providing for estoppel on the cancellation of a patent or a claim, right? A: That is correct, we are not contending that the Patent Office does not have authority.” Oral Arg. at 1:11-1:25.

. Arthrex did not challenge the.PTO’s promulgation of Rule 42.2, or its interpretation of the term "proceeding” therein.