NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  CROSS ENGINEERING, LLC, dba Cross Armory, WES CROSS,**
*Petitioners*

---

2020-131

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of California in No. 3:18-cv-00871-MSB.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, MOORE and HUGHES, *Circuit Judges*.

PROST, *Chief Judge*.

## O R D E R

Cross Engineering, LLC and Wes Cross (collectively, "Cross") petition for a writ of mandamus directing the United States District Court for the Southern District of California to (1) vacate its January 17, 2020 order setting certain terms of a settlement agreement; (2) vacate its May 7, 2020 order denying reconsideration of its January 17, 2020 order; (3) issue an order requiring inclusion of a different definition of "Licensed Product" in the settlement

agreement. Evolusion Concepts, Inc. ("Evolusion") opposes the petition and moves to dismiss. Cross replies. The parties also jointly move to file a corrected non-confidential petition.

Evolusion owns U.S. Patent No. 8,756,845 ("the '845 patent"), which generally relates to converting a firearm with a detachable magazine to one with a fixed magazine. In May 2018, Evolusion brought this suit against Cross, alleging Cross's magazine release products, including its Safe Mag line of products, infringe the '845 patent.

On August 7, 2019, the parties agreed during a settlement conference upon "[t]he basic terms of the settlement" under which Cross would pay a lump sum for past infringement and "an ongoing royalty for every accused product sold." Appx. 84. They entered a "Consent to Jurisdiction by a United States Magistrate Judge," which stated in part that a decision by the magistrate judge concerning a dispute about the settlement "shall be FINAL AND BINDING, WITH NO APPEAL." Appx. 79.

The magistrate judge ordered the parties to generate a written agreement that confirmed the terms of their settlement and to file a joint motion to dismiss by the end of November 2019. The parties, however, could not agree to a written agreement on exactly what products would bear royalties. Specifically, Cross objected to the inclusion of certain kits that included the Safe Mag component.

After a series of extensions, the magistrate judge conducted a settlement disposition conference on January 7, 2020. On January 17, 2020, the magistrate judge issued an order stating that "kits," which "includes the package that contains an identified licensed product plus any other product sold by Cross Engineering within that package that would infringe upon the '845 Patent," will "be royalty bearing." Appx. 312.

Cross moved to reconsider that order, which the magistrate judge denied on May 7, 2020. The magistrate judge directed the parties to include in their settlement agreement a definition of "Licensed Product" that means Cross's Safe Mag products, "kits including such" products, and "components from Cross Engineering or third parties that are part of or used in conjunction with a Licensed Product, and any product manufactured, sold, produced, or distributed, now or in the future, by Cross Engineering that would infringe the '845 Patent in the absence of this Agreement." Appx. 1045. This mandamus petition followed.

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Only "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion" will justify invoking the remedy. *Id.* (internal quotation marks and citations omitted). To prevail on a mandamus petition, a party must show: (1) it has a clear and indisputable right to relief; (2) there are no adequate alternative means by which it may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *Id.* at 380–81; *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

As an initial matter, Cross agreed on August 7, 2019, that the magistrate judge's decision concerning a dispute about the settlement would be final with no appeal. That agreement would seem on its face to waive further review of these decisions, or at least suggest that we should not exercise our discretion to review them. *Cf. In re Dominion Dealer Sols., LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014) (denying mandamus relief in light of statute prescribing that decision in question was "final and nonappealable").

In any event, Cross has not shown a clear and indisputable right to its requested relief. Cross's position is that

licensed products should be limited to the accused products, which it believes are the Safe Mag products only—not kits including those products. Pet'n at 26; *see id.* at 9. Cross advances two arguments in support, neither of which demonstrates that the magistrate judge clearly abused his discretion.

First, Cross argues that the complaint defined the accused products as limited to the Safe Mag products. Pet'n 26; *see id.* at 9 ("[T]he only products identified as 'Accused Products' were Cross Engineering's 'magazine release' products, namely the Safe Mag product – and not other components in 'kits,' or any products sold 'in conjunction with,' Safe Mag products, that are incapable of infringing the asserted patent.").[1] But, as Cross acknowledges, the complaint *also* referenced kits as part of Evolusion's infringement allegations. Reply 5; *see* Appx. 60 ¶ 29 (complaint stating that "[t]he [attached] chart does not set forth all of Evolusion's infringement theories – the AR-15 CA Compliance Kit embodies other claims set forth in the '845 patent"); Appx. 1060–61 (claim chart attached to the complaint concerning "Infringement of Claim 15 by CA Compliance Kit").[2]

---

[1]    To the extent that Cross contends that the definition of Licensed Product improperly covers non-infringing components, Evolusion has represented that "[i]t has always been Evolusion's position (and the function of Section 1.3 [of the settlement agreement]) that . . . components sold *separately* from the kit are not royalty-bearing, unless they also infringe the '845 Patent. That is the structure of . . . the settlement agreement in this case." Appx. 698.

[2]    In addition, Evolusion included kits in the infringement contentions it served on Cross. *See* Appx. 802–04. When the magistrate judge questioned Cross about these contentions, Cross argued that their reference to accused

Second, Cross suggests that including kits among the accused products is inconsistent with the parties' and the magistrate judge's understanding during the settlement proceedings. Reply 5–6; *see* Pet'n 26. Yet, as Cross states, "[t]he term 'Accused Product' was not defined in the settlement on the record." Pet'n 4. And whether a kit should be deemed an accused product, and therefore within the settlement agreement's definition of "Licensed Product," was an issue that received ample attention and consideration during those proceedings. *See, e.g.*, Appx. 481–84, 511–12 (parties' December 5, 2019 letter briefs); Appx549–50 (Cross's January 3, 2020 letter brief arguing that "the express statement on the record that a royalty would be paid only on 'every accused product sold,' and the context of that statement, unequivocally demonstrate that there was absolutely no agreement that other than Safe Mag products would be royalty bearing"); Appx. 254–309 (January 7, 2020 hearing transcript); Appx. 349–50 (Cross's motion for reconsideration arguing that "only Safe Mag products are 'accused products' under the settlement on the record" based on the complaint and "supported by events at the settlement conference").

Only "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion" will justify mandamus. *Cheney*, 542 U.S. at 380 (internal quotation marks and citation omitted). Cross consented to have the magistrate judge decide "all disputes regarding settlement terms arising during the documentation thereof not resolved by the parties themselves," Appx. 79, and Cross has not demonstrated any judicial usurpation of power or clear abuse of discretion in the magistrate judge's

---

"instrumentalities" was different from accused "products." *See* Appx. 292. The magistrate judge rejected that proposed distinction. *Id.* ("Well, I think that's pretty much the same thing . . . .").

doing so here.  Having also considered Cross's remaining arguments, which we find unpersuasive, we conclude that Cross has failed to show a clear and indisputable right to its requested relief.

Accordingly,

IT IS ORDERED THAT:

(1)  Cross's petition for mandamus is denied.

(2)  Evolusion's motion to dismiss is denied as moot.

(3)  The parties' joint motion to file a corrected non-confidential mandamus petition (ECF No. 16) is granted to the extent that the corrected petition is accepted for filing and the original petition (ECF No. 2) will remain under seal.

FOR THE COURT

/s/ Peter R. Marksteiner

July 17, 2020                    Peter R. Marksteiner
Date                             Clerk of Court

s28